JOHN DOE, ex dem., JEFFERSON JOHNSON and WIFE, plaintiff in error, vs. RICHARD ROE, cas. ejector, and AUGUSTUS R. WRIGHT and JOHN H. WALKER, tenants in possession, defendants in error.

[1.] The Superior Court may direct an order, passed in 1834, to appoint a guardian *ad litem* for an infant, and which was not put on the minutes at the time, to be entered thereon now for then.

[2.] Evidence tending to prove that a judgment rendered against an infant, which judgment was offered and received in evidence, was null and void for the want of service, and for the want of a proper representative, and for other reasons, is admissible.

[3.] If parties to writs of *scire facias* to avoid grants for lands alleged to have been fraudulently drawn, were not entitled in strict law, to appeal from ver

dicts rendered against them, we will not upset the authoritative adjudications and practice of the Courts which decided upon the rights. It would unsettle titles to land to too great an extent to hold to the contrary of these adjudications now.

[4] The Court ought not to withdraw from the jury a judgment, because an entry of service on the writ on which the judgment was obtained, is not regular.

Ejectment, from Cass county. Tried before Judge TRIPPE, at September Term, 1858.

This was an action of ejectment brought by John Doe, upon the demise of Jefferson Johnson and wife, against Richard Roe, casual ejector, and Augustus R. Wright and John H. Walker, tenants in possession, for the recovery of lot of land No. one hundred and twenty-four, (124,) in the fifth district and third section of originally Cherokee, now Cass county.

This lot of land was drawn by Harriett Taff, (now Mrs. Johnson,) a minor, and to whom the grant from the State duly issued, dated 28th January, 1833.

Afterwards, in 1834, upon the information of James Kirkpatrick, that said drawing was fraudulent, *scire facias* was issued, and the Sheriff returned that he " served defendant, Harriett Taff, by serving her guardian, John W. Taff, with a copy" thereof.

Upon the trial, there was a verdict by the *petit jury*, that the return and drawing of said lot was *not fraudulent*. The informer appealed, and the verdict upon the appeal trial was, that the return *was fraudulent*. Upon this verdict judgment was entered, adjudging the grant issued to said Harriett to be void, and that the same be cancelled, and that said lot of land be partitioned—one-half to the State and the other half to the informer.

Afterwards, by consent of the informer, the Court ordered the land to be sold by the Sheriff of Cass county. Upon the sale thereof, William Harris became the purchaser, and Wright and Walker, the tenants in possession, adduced a regular chain of title from Harris down to themselves.

Harriett Taff intermarried with Jefferson Johnson, and they bring this action for the recovery of this land, drawn as afore-. said by Mrs. Johnson.

The case being called for trial, counsel for defendants moved to enter on the minutes of the Court, the following order, viz:

" JAMES KIRKPATRICK,
  vs.                                    *Scire Facias*, in Cass
JOHN W. TAFF, guardian,                     Superior Court.
  *ad litem*, of Harriett Taff.

It appearing to the Court that the entry of " John W. Taff, appointed guardian, *pendente lite*," was made by the presiding Judge at the time—March Term, 1834—on the bench docket, in the above stated case, and it further appearing that a similar entry was made on the *scire facias*—that said entry and order was not placed upon the minutes of said Court, at that Term, by the Clerk of said Court, it is on motion, ordered by the Court that said entry be now entered on the minutes as of that time, by the Clerk, *nunc pro tunc*."

Counsel for plaintiffs objected to this order, the objection was overruled, and the order granted, and counsel for plaintiffs excepted.

Plaintiffs then submitted their proof. Offered and read in evidence the grant from the State to Harriett Taff, orphan of W. B. Taff, for the lot in dispute, dated 28th January, 1833 ; proved that defendants were in possession of the premises; that Jefferson Johnson and Harriett Taff intermarried on the 7th August, 1845.

Defendants proved that they had been in possession of the lot of land more than seven years before the commencement of this suit.

Defendants further offered in evidence, the records and proceedings in the case of James Kirkpatrick, informer, against Harriett Taff, in which there was the verdict and judgment, finding and condemning the return and drawing of said lot fraudulent.

Plaintiffs, in reply, proved that Harriett Taff was the daughter of William B. Taff, of Houston county, Georgia; that William B. Taff resided in Houston county in 1826 or 1827, and continued there until his death in 1832; that Harriett was born in the year 1829 or 1830; that she was raised and lived in Houston county until her marriage with Johnson.

Plaintiff then proposed to prove:

1st. That John W. Taff, upon whom the *scire facias* purported to have been served, was never served with the same, and had no notice thereof.

2d. That said John W. Taff never accepted the appointment of guardian, *ad litem;* that he was not at Court when the order appointing was made; had no notice of it, and was never at Cass Court, and never appeared by attorney or otherwise, to defend said *scire facias,* and that the same proceeded to final judgment by default.

3d. That the entry of service on said *scire facias* was a forgery; and that the person by whom said service purports to have been made, to-wit: " C. F. Hemmingway, D. Sheriff," was not a Deputy Sheriff.

4th. That the guardian, *ad litem,* was appointed at the instance of James Kirkpatrick, the informer, and that he induced the Court to make the appointment of a stranger, who was not present, by stating that John W. Taff was the guardian in chief of Harriett Taff, and that this statement was false.

5th. That Harriett Taff was born in Houston county, and was never out of the State prior to her marriage in 1845.

Counsel for defendants objected to the admission of any testimony in proof of these facts. The Court sustained the objection, and counsel for plaintiffs excepted.

The testimony being closed, counsel for plaintiffs moved to exclude from the consideration of the jury, as evidence, the records and proceedings in the *scire facias,* upon the grounds: 1st. Because, under the Act of 1830, authorizing that proceeding, no provision is made for an appeal from the

verdict of the petit jury, and the verdict of the jury, upon the appeal and judgment thereon, in said *scire facias*, as appeared by said records, were void and of no force.

2d. Because, by the Act of 1830, the said Harriett should have been served with a copy of said *scire facias*, in person, or by leaving it at her most notorious place of abode; and because said Act provides, that no return made by an orphan should be declared fraudulent until the legal guardian shall have been made a party to the *scire facias*, or other discreet person appointed.

The Court overruled this motion, and counsel for plaintiffs excepted.

Counsel for plaintiffs requested the Court to charge the jury as follows:

1st. That by the Act of 1830, in a proceeding by *scire facias*, to condemn fraudulent returns and draws, no appeal is allowed; and if an appeal be taken, the same is void, and the jury must find for the plaintiff.

2d. That by said Act, Harriett Taff, the drawer, and defendant in *scire facias*, should have been served personally, or by leaving a copy at her notorious place of abode, if she resided in the county; and if a minor, then her legal guardian should have been made a party, or some other discreet person appointed by the Court to defend for her.

3d. That a guardian could not be legally appointed, until the minor was served with *scire facias*, and if John W. Taff was appointed guardian, *ad litem*, before such service, the Court had no jurisdiction.

4th. To constitute a good *scire facias*, under the Act of 1830, it should be issued against the tenant in possession of the land alleged to be fraudulently drawn, or against the drawer, and it must be served upon the person named as defendant; and this service must be executed before a guardian, *ad litem*, can be appointed, where the defendant is a minor.

Each and all of which charges the Court refused to give, and counsel for plaintiffs excepted.

The jury found for the defendants, and counsel for plaintiff tendered his bill of exceptions, assigning as error the decisions, orders, rulings, and refusals to charge, above excepted to.

AKIN, for plaintiff in error.

MILNER; SHROPSHIRE; and UNDERWOOD, *contra*.

*By the Court.*—McDONALD J. delivering the opinion.

[1.] The first error assigned in the record, is on the decision of the Court directing an order of the Court passed at March Term, 1834, appointing John W. Taff guardian, *pendente lite*, of Harriett Taff, an infant, in an information filed by James Kirkpatrick, to set aside a grant for a tract of land to Harriett Taff, alleged to have been fraudulently drawn by her, as an orphan. The Court below was satisfied with the evidence before it, that the order was passed by the Court at the time specified, and he only directed that to be done, which ought to have been done at the time it was passed. We see no error in this order or judgment of the Court.

[2.] After the plaintiffs had closed their case, and the defendants had submitted their testimony to the jury, the plaintiff offered to prove certain matters in rebuttal of the defendants' evidence, which are set forth in the statement of the facts of the case. The first fact proposed to be proved was, that the guardian, John W. Taff, was never served with the *scire facias* sued out to annul the grant, and had no notice of it. That he never accepted the appointment of guardian, *ad litem;* that he was not at Court when it was made; had no notice of it; was never at Cass Court, and never appeared by attorney or otherwise to defend the *sci fa.*, and that the same proceeded by default. That the service on the *scire facias* was a forgery; that the guardian, *ad litem,* was appointed

at the instance of the informer, James Kirkpatrick, and that he induced the Court to make the appointment of a stranger who was not present, by stating that John W. Taff was the legal guardian of Harriett Taff, and that his statement was false, and that Harriett Taff was born in Houston county, in this State, and was never out of the State until her marriage in 1845. The Court refused to admit evidence to any of the said points, and the plaintiffs excepted. If all the facts proposed to be proven are true, the judgment rendered against the defendant in that proceeding, was unquestionably a nullity. The proceeding to set aside the grant was against an infant, and an orphan, and by the law the return made on her behalf, could not be declared fraudulent until her legal guardian had been made a party to the *scire facias,* or other discreet person appointed by the Court in which the case was tried, to defend the cause for her. The *scire facias* was issued on the 14th day of March, 1834, and was returnable to the September Term of the Court thereafter. It issued against Harriett Taff alone. It does not purport to have been served upon her, but a return of service on John W. Taff, described as her guardian, is made on the *scire facias.* John W. Taff was appointed guardian, *ad litem,* at the instance of the informer, and before the return Term of the case. He does not appear to defend the case. There is no appearance. These circumstances alone excite very strong suspicions of the fairness of the proceedings, and are almost sufficient to warrant us in saying that the judgment was null. We do not say so, however. But we say that the tendered evidence to prove that the service of the *scire facias* given in evidence was a forgery, that the guardian, *ad litem,* never accepted the trust, and that the guardian, *ad litem,* was appointed at the instance of the informer, ought to have been admitted. It was urged that the defendants are *bona fide* purchasers without notice. But if the judgment by which the title is claimed to have

passed from the drawer is a nullity, what becomes of the ti-
tle?    There were defects enough patent on the face of the
proceedings, to awaken the suspicions of a prudent man.
But the consideration to which a *bona fide* purchaser is en-
titled, is not in this case.    No title can be derived under a
null judgment.    It is not the case of a good judgment which
is subsequently set aside or reversed.    But it is the case of a
void judgment without a proceeding to annul it, if the proof
offered can be made.    That the informer suggested to the
Court the name of a person to be appointed guardian *ad li-
tem*, would not have been objectionable perhaps, if the in-
fant herself had been served, and notified to suggest a proper
person, and she had failed or refused.    But that is not the
case.    The informer moved the appointment before there
was a service, and his appointee was served when he was
not a party.

[3.] We think there is no error in the refusal of the Court,
to rule out and withdraw from the jury the record of the *scire
facias*, and the proceedings thereon.    We will not consider
whether, in strict law, either party was entitled to an appeal,
as a matter of right, in such proceeding; because the Courts
who were entrusted with the execution of the laws in those
days, uniformly allowed appeals; and to hold to the contrary
now, would unsettle titles to property to a vast amount, which
originated and matured under the authoritative judicial con-
struction of the parties' rights.

[4.] There was a service entered on the writ of *scire faci-
as*, which was sufficient to authorize the submission of the
evidence to the jury, and it was in fact admitted without
objection.

The plaintiffs submitted in writing many requests to the
Court to charge the jury.    That in regard to the right of ap-
peal we have already disposed of.    The remaining requests
are upon matters which might be remedied by proof, and do
not necessarily avoid the proceedings.    The judgment of

the Court below must be reversed, however, on the ground which we have stated.

Judgment reversed.