## HARALSON & COMPANY *vs.* NEWTON *et al.*

A pretended sale by a debtor, for the purpose of avoiding his creditors, does not render the interposition of a court of equity necessary, especially where discovery is waived. Attachment will lie under Code, §3297.

WARNER, Justice.

63a 163|
f107 243|

63 163
Case 1
122 336

## COCHRAN *vs.* KNOWLES.

1. A motion for a new trial having been made at the term when the verdict was rendered, and the court, without objection, having passed an order allowing the movant fifteen days to perfect the brief of evidence and present the same to the presiding judge for his approval, and the counsel for each party having submitted a brief, which the court, at a subsequent term, with the co-operation and assistance of the respective counsel, corrected and harmonized, thus making up a brief which the judge approved and ordered to be filed; and then, at the same term, the court, with the consent of both counsel, having passed an order appointing a time to hear and determine the motion in another county:

*Held*, that it was too late at the hearing to object for the first time that the brief of evidence was not sooner made out, approved and filed.

2. The superior court derives the power of granting new trials directly from the constitution. The exercise of the power once (where questions of both law and fact are involved) is no abuse of discretion, unless the case is too clear for rational controversy.

BLECKLEY, Justice.

## SPENCER *vs.* FARROW.

This was an action brought against Mrs. Farrow A plea was filed by H. P. Farrow, and the only service was upon W. P. Price. No valid judgment could be rendered upon such service and pleadings for the plaintiff against Mrs. Farrow; the jury found for the defendant and the judgment must be affirmed.

JACKSON, Justice.