BOWER *et al.*, administrators, *vs.* THOMAS, administrator, and *vice versa.*

1. While a plaintiff is entitled to recover in a suit on notes against defendants who make no defence, yet where there was a suit against several defendants on promissory notes, one of whom only defended, a verdict was rendered for the defendants, and only the resisting defendant was brought before this court by writ of error, the decision must rest on the rights of the parties here, and a reversal cannot be had on account of failure to recover against others.

2. While generally the beginning of a suit is the filing of the declaration therein, and amendments properly made relate back to the date of filing, yet this is applicable to defendants sued; and where a new and distinct party was added by *ex parte* amendment, the statute of limitations ran as to the cause of action against him up to the time of service on him.

(*a.*) For a suit against one as executor of an estate to be amended by striking the name of this defendant and inserting the name of another as administrator of the same estate, would seem to be adding a new party, and improper.

3. Though a new party should not be added to a common law action by amendment, yet where such a party has been made and service has been perfected, a motion to set aside the order allowing the amendment comes too late at the second term.

(*a.*) Whether the amendment was legal or not, the cause of action was barred as to the party made, before service on him.

4. In a suit against an administrator on notes of his intestate, an heir of the decedent is not an incompetent witness although the holder of the notes may be dead and the suit may be brought by his legal representatives, especially where he had assigned his interest.

October 3, 1882.

Practice in Supreme Court. Parties. Amendment. Statute of Limitations. Administrators and Executors. Practice in Superior Court. Before Judge WARREN. Decatur Superior Court. May Term, 1882.

Bower *et al.*, administrators, brought suit against C. H. Thomas, as executor of the estate of J. M. Thomas, deceased, and other defendants, on three promissory notes,

each for $250.00, dated October 20, 1868, and due respectively one, two and three years after date to the intestate of plaintiffs. The suit was begun April 11, 1876. On November 9, 1876, C. H. Thomas filed a plea in which he stated that he was not the executor of J. M. Thomas, deceased. At the February adjourned term of court, 1879, the following order was passed :

"On motion of the plaintiff, and it appearing to the court that James M. Thomas is the administrator of Joseph M. Thomas, deceased, it is ordered that this declaration be amended by striking out the name of C. H. Thomas, as executor, and inserting in lieu thereof the name of James M. Thomas, as administrator of Joseph M. Thomas, and that time be given and service be perfected on said James M. Thomas, as administrator aforesaid."

J. M. Thomas, administrator, was served March 22, 1881. He pleaded payment and the statute of limitations. It appeared that the statute had been suspended by reason of non-representation on the estate of the payee of the note for about two years, and the case turned upon the question whether the filing of the declaration, or the taking of the order making J. M. Thomas, administrator, a party, suspended the operation of the statute, or whether it ran until service on him.

At the May term of court, 1882, Thomas, administrator, moved to vacate the order making him a party and the entry of service. The motion was based on an allegation of want of authority in the court to grant the order changing parties, and a denial that there was any legal process or service on the movant. The motion was overruled by the court.

None of the defendants appeared or pleaded except Thomas, administrator. It is not material to set out the evidence further than to state that C. H. Thomas, who was a son of J. M. Thomas, Sr., deceased, testified that he and Col. McGill, acting for the estate of Thomas, de-

ceased, made a settlement with Bower touching the notes now sued on.

The jury found for the defendants. Plaintiff moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court charged to the effect that neither the filing of the original declaration nor the order amending it suspended the running of the statute of limitations, but held that it continued to run until service on J. M. Thomas, administrator.

(3.) Because the court admitted the evidence of C. H. Thomas as to the settlement made by him, as agent of the administrator, with the payee of the note, who was dead. [It appears that the witness was an heir at law of Thomas, deceased, but that he had parted with his interest as such.]

The motion was overruled; and plaintiffs excepted. Service was acknowledged upon the bill of exceptions only by the attorney of record for the administrator.

Thomas, administrator, also excepted to the overruling of his motion to vacate the order making him a party and the entry of service thereunder.

B. B. BOWER; D. A. RUSSELL, by brief, for Bower *et al.*

O. G. GURLEY, by brief, *contra.*

JACKSON, Chief Justice.

In this case there is a bill of exceptions sued out against James M. Thomas as administrator of J. M. Thomas, deceased, alone, and a cross-bill of exceptions by him.

1. If the main bill of exceptions had brought the other defendants to the original suit before this court a new trial would be necessitated, because the verdict is for the defendants generally, and the plaintiffs certainly had the right to a verdict against them. But as the administrator of Thomas alone is brought here, the case here is between

the plaintiffs and him alone, and the plaintiffs make no complaint in regard to the other defendants here, and no error as to them is assigned.

2. It becomes necessary, therefore, only to consider errors assigned as to him, the administrator, and the question is whether or not the suit was barred as to him under the facts, and whether barred or not turns on the points of law charged by the court, and to which exception is taken. The facts are that one Thomas was sued as executor, and on his plea being put in that he was not the defendant, altogether a different man was sued as administrator of the estate of the same decedent by amendment making him a party. On the law applicable to these facts, the court charged to the effect that the statute of limitations ran against the plaintiffs up to service on this administrator. It is very doubtful whether he could have been made a party at all. It looks very much like making a new party. The estate on which he was administrator was sued for the first time when he was sued, and it seems clear that until that was sued the statute ran. He was made a party by an *ex parte* order, of which he had no notice, and the first notice that the record shows on him is the service of the writ on him. We cannot say, therefore, that the statute did not run in his favor up to that time; all reason favors the conclusion that it did and ought, and no authority to the contrary has been produced. Of course there is plenty of authority that the beginning of a suit is the filing of the declaration, and that amendments properly made relate back thereto, but this is applicable to the defendants sued, and not to new parties made under circumstances like these. See Code, §3333; 22 *Ga.*, 359; 37 *Id.*, 32; 47 *Id.*, 540; 50 *Id.*, 53; 54 *Id.*, 59, cited by plaintiff in error. These cases are unlike this, and no principle ruled in them applies so as to cover this.

3. The cross-bill of exceptions rests on the ground that a new party was made and that it is illegal, but the

trouble is that objection thereto was not taken in time. Two terms were allowed to elapse before the objection was taken by making the motion to vacate the order making the administrator a party. It was too late when made, (51 *Ga.*, 203); but considering it legal it presents a case, we think, where the bar of the statute attached, as it ran up to the time he was made a party by service, it being his first notice of suit.

4. There was no error in permitting the heir to testify, though the other party was dead. He was no party to the suit or cause of action. He would have been a good witness before the act allowing parties to swear, for he had assigned all his interest.

The result is that the judgment must be affirmed in both cases; in the main bill of exceptions because the suit is barred by the statute of limitations, as charged in effect by the court, and in the cross-bill because the plaintiff in error there was too late in moving to vacate the judgment which made the administrator a party, and in raising the other objections to the regularity of the proceedings which brought them into court.

Judgment affirmed.