## No. 9012.

### IN THE MATTER OF THE BOARD OF ADMINISTRATORS PRAYING FOR RECOGNITION OF MORTGAGE AND RECOVERY OF ASSESSMENT IN THE FOURTH DRAINAGE DISTRICT.

Judgments which are absolute nullities cannot be revived. They cannot be continued in existence, when they never had any life.

*John Crossley & Sons,* limited, Plaintiffs and Appellants.

APPEAL from the Civil District Court for the Parish of New Orleans. *Lazarus,* J.

[NOTE OF THE REPORTER.—This opinion was not reported in full in the 36th Annual. It is thought proper to report it in full now.]

In the Matter of the Board of Administrators Praying for Recognition of Mortgage, etc.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This is an action by John Crossley & Sons, representing themselves to be warrant holders for a large amount to be paid out of drainage assessments, to revive the judgments herein rendered in February and March, 1873.  They claim that they have sufficient interest to authorize them to seek the revival, in as much as the City of New Orleans has declined doing so and that unless proper proceedings are had within the ten years following the rendition of the judgments, they will die away by the lapse of time.

The main defense set up is that the judgments sought to be revived are absolute nullities and cannot be given a force and effect, a life, which they never possessed.

The District Judge in an elaborate opinion sustains that defense.

It is unnecessary to revive the jurisprudence which is well seated and which is, as contended, that a judgment which is an absolute nullity cannot be revived.

The judgments in question were decreed by this Court to be such nullities.  The consequence is that they cannot be revived.  30 Ann., 363, 692; 33 Ann., 63; 34 Ann. 97; 35 Ann. 70.

Judgment affirmed.