## Donaldson, for use, *vs.* Dodd.

1. A *scire facias* to revive a dormant judgment must be served twenty days before the sitting of the court to which it is made returnable. A service within less than that time is a mere nullity.

2. If, by analogy to the amendment of process, and the requirement of a new service upon the defendant where it has not been properly perfected at common law, similar action could be taken in reference to a *scire facias*, still it would not be legal to pass an order that the case be continued to perfect service, that the next term be made the return term, and that such order be served on the defendant twenty days before the next term, with no requirement for a new process or *scire facias* to be served. The mere service of an order to continue a case for the purpose of perfecting service, would not supply the place of the service of the *scire facias*.

3. Where such an order was moved for orally at the January term, 1884, of the superior court, although it was stated that the plaintiff did not abandon or withdraw his motion, and that it was not heard on account of the crowded condition of the docket, yet where it appeared that such motion was not entered on the motion

docket, and no action was taken to bring it to the attention of the court until November, 1886, there was no error in refusing to grant the order and in dismissing the *scire facias*.

December 8, 1887.

Service. Process. Practice in Superior Court. *Laches.* Before Judge FAIN. Bartow Superior Court. July Adjourned Term, 1886.

Reported in the decision.

JOHN W. AKIN, for plaintiff in error.

J. M. NEEL, for defendant.

SIMMONS, Justice.

Donaldson obtained a judgment in Bartow superior court against Dodd and Burge, as sureties, at the September term, 1873. An execution issued September 20th, 1873. Burge paid off the execution and took a transfer to himself. The sheriff receipted for costs December 10th, 1873, making an entry on the execution to that effect. On December 5th, 1883, *scire facias* issued by the clerk in the name of Donaldson for the use of Burge, against Dodd, to revive the judgment. It was made returnable to the January term, 1884. Dodd was personally served December 27th, 1883. At the return term Dodd appeared, and without pleading to the merits, moved the court in writing to dismiss the *scire facias* because it was served less than twenty days before the regular term. At the same term, Burge moved orally for the signing of an order which was at the time written on the *scire facias,* and was as follows:

" It appearing to the court that this *scire facias* was filed on December 5th, 1883, and that it was not served until December 27th, 1883, it is ordered by the court that the cause be continued to perfect service, and that the next term of the court be made the return term of said *scire facias,* and that service of this order be perfected on the defendant twenty days before the next term."

On account of the crowded condition of the docket, these two motions were not heard by the court at that term ; nor were they heard by the court until the November term, 1886. The plaintiff did not abandon his said motion, nor withdraw the same, but waited until the case was called by the judge before renewing the request for the order. There was no written motion made by Burge, the plaintiff, nor was any motion placed on the motion docket. At the November term, 1886, the case appears to have been reached in its order; and the court refused the plaintiff's request and granted the defendant's, dismissing the *scire facias*. The plaintiff filed his bill of exceptions, alleging error in the judge's refusing to grant his request and granting the defendant's motion and dismissing the *scire facias*.

1. Did the court do right? We think he did. The code, §3607, provides, in substance, that the clerk shall issue copies of the *scire facias*, which shall be served by the sheriff twenty days before the sitting of the court to which it is made returnable. If it is not served twenty days before the sitting of the court, under the law it is no service. It is the same in law as if the defendant had never heard of the papers. Nor do we see by what law or authority the court could have passed the order presented to him by the plaintiff in error. It is true that in common law suits, courts have sometimes taken the authority to pass orders in cases of this sort, amending the process and requiring a new service upon the defendant of the declaration and amended process, and making it returnable to the next term of the court. This has been justified under our broad statute allowing amendments to be made to the process and orders of the court; but in this case no such order was asked of the court. The order asked for was to continue the case to perfect service, and that the next term be made the return term,—not that a new process or *scire facias* should be served upon the defendant, but that this order be served on him twenty days before the next court. We

have seen that the pretended service made by the sheriff, not having been made according to law, was void, and that in law the defendant had never received a copy of the *scire facias*. The legal effect on him was no more than if he had found the paper in the road. Therefore, if the court had granted an order to perfect service, it should have provided that he should be legally served with a copy of the *scire facias*, and not with a copy of an order to continue a case for the purpose of perfecting service. What notice would that have been to the defendant of the rights claimed by the plaintiff in his *scire facias*? What plea could he have set up to the merits in a case where he was simply served with an order to continue the case for the purpose of perfecting service? Would that have been sufficient to have given him notice of the matters complained of against him, and to have brought him into court? We think not.

2. Admit, for the sake of argument, that we can analogize a *scire facias* to a common law suit, we would still hold that, under the peculiar facts of this case, the court did not err in dismissing this *scire facias*. The record discloses that this order was asked for at the January term, 1884; and whilst it states that the plaintiff did not abandon or withdraw his motion, it does not show that any attempt was made by this plaintiff from January, 1884, to November, 1886, nearly three years, to bring the motion to the attention of the court. It seems to us that, however crowded a docket might be, if there is a motion pending before the court, the failure to hear which in time would bar the plaintiff's rights, any court would give precedence to such a motion when informed that a party would probably lose his rights if it were not heard immediately. The record does not show that, from the time this motion was first made until nearly three years had elapsed, the attention of the court was ever directed to it again. If the plaintiff can lie still for three years, why could he not lie still for ten years? The defendant as well as the plaintiff

had some rights in this case. If the motion was to be ultimately granted, he had a right to know it and prepare his defence if he had any, and if he had none, he had a right to know that this judgment would be revived and his property be subjected to its payment. Moreover, it is the policy of the law that there should be an end to litigation.

3. The order asked for recites that the next term be made the return term of the *scire facias*. Suppose the judge had granted this order at the November term, 1886, would the return term have related back to the August term, 1883, or would it have gone forward to the August term, 1887? If he had granted it and made it returnable to the August term, 1887, instead of the plaintiff having three years in which to revive his judgment, he would have had six.

We hold, therefore, that whether the failure to serve a *scire facias* within the time prescribed by law can be analogized to a common law suit or not, and time given to perfect service, the court did right in refusing, at the November term, 1886, to grant the order applied for, (1) because the order was not a proper order; (2) because the plaintiff was in *laches* in not placing a motion on the motion docket and calling the attention of the court thereto; and (3) because it was too late, after nearly three years had elapsed, for the court to have passed the order set out in the record.

Judgment affirmed.