PERKINS *v.* CASTLEBERRY, administrator.

The only issue which can be properly raised by an answer to a petition for scire facias to make a party defendant to a pending case is whether or not the respondent is a proper party to the cause; and, consequently, an answer to such a petition, which alleged no reason why the respondent was not a proper party, but merely set up various reasons why judgment should not be rendered against him after he had been made a party, presented no reason why the petition for scire facias should not be granted.

Argued January 7,—Decided January 25, 1901.

Exceptions to auditor's report.    Before Judge Lumpkin. Fulton superior court.   June 5, 1900.

*W. I. Heyward* and *T. C. Battle*, for plaintiff.
*J. A. Anderson*, for defendant.

COBB, J.   In 1883 a suit was brought by Perkins against Crawford.   At the hearing had several years subsequently, the death of M. T. Castleberry, who had been a surety on a bond of the defendant, was suggested, and the hearing was adjourned.   Some time thereafter the plaintiff had issued a scire facias calling upon Zach. T. Castleberry, the administrator of the estate of M. T. Castleberry, to show cause why he should not be made a party defendant to the suit.   The respondent filed an answer, and the issues raised by the scire facias and answer were referred to an auditor, to whom the main case had been before referred.   In the answer the administrator set up various reasons why judgment should not be had against him in the main suit.   After hearing evidence on the issues thus raised, the auditor made a finding refusing the petition to make the administrator a party.   Exceptions were duly filed to this finding, and these exceptions having been overruled, the plaintiff sued out a bill of exceptions to this court, assigning as error the order overruling the exceptions to the auditor's report.

We will not undertake to decide whether the auditor found correctly on the issues raised by the answer to the petition for scire facias, as we are of opinion that these issues could not be properly raised and determined in this proceeding.   In a scire facias to make parties it is necessary to state simply the names of the parties, the term of the court to which the cause was made returnable, and the name of the suit, "requiring the party to show cause why he should not be made a party to said cause, without setting forth the substance of the bill or declaration, or the proceedings thereon."   Civil Code, § 5027.   It seems to be clear, from the terms of this section, that the only issue which can properly be raised on a petition for scire facias to make parties is whether the respondent is a proper party to the pending case.   Such a proceeding arises as a "mere matter of right to demand and have the writ."   *Henderson* v. *Alexander*, 2 *Ga.* 89.   The exact point, however, has been decided by this court.   "The issue, to make an administrator a party to a suit pending against one who is dead, is whether or not the person

served is a proper party, in the capacity in which he acts." *McArdle* v. *Bullock*, 45 *Ga.* 91. To the same effect, substantially, is *Bealle* v. *Day*, 28 *Ga.* 435. The case of *Fulcher* v. *Mandel*, 83 *Ga.* 725, was a petition to make an administrator party to a judgment. There was no pending suit, and consequently, in setting up reasons why he should not be made a party to the judgment, the administrator necessarily alleged reasons why the judgment should not be enforced against him.

It seems that the administrator should set up in answer to the scire facias that the action had abated, if the case is of that character where the death of a party would abate the action. See *Henderson* v. *Alexander*, and *McArdle* v. *Bullock*, supra. But it is clear that under no circumstances can the merits of the main case be entered into, as was sought to be done in the present case.

*Judgment reversed. All the Justices concurring.*