### 659. WEAVER *v.* WEBB, GALT & KELLOGG.

1. In a proceeding by scire facias to revive a dormant judgment, the defendant is absolutely precluded from going behind the judgment and offering in defense to the scire facias any matter which existed before the rendition of the original judgment, and which might have been presented in the former proceeding. He can not defend by showing that he was not a member of a partnership against which a judgment, regular in all other respects, has been rendered; nor can he show that he never owed the plaintiffs anything.

2. A judgment in personam, rendered against a defendant without notice to him or an appearance by him, is without jurisdiction and is entirely void.

(*a*) It is a good defense to a scire facias that the defendant was not served and did not in any way appear in the original suit.

(*b*) Where the record of a court, whether because lost or otherwise, is silent as to service, and a duly entered judgment appears thereon, it will be presumed, until the contrary appears, that service was made on the defendant; but the defendant himself is, as a general rule, competent to testify in rebuttal of this presumption.

Certiorari, from Greene superior court—Judge Lewis. June 19, 1907.

Submitted November 12, 1907.—Decided February 24, 1908.

*James Davison,* for plaintiff in error.  *Park & Park,* contra.

HILL, C. J.  This was a scire facias to revive a judgment. The judgment was rendered in the county court of Greene county in 1897, and is as follows:  "Judgment is this day rendered by the court in favor of said plaintiffs against L. Crutchfield & Co. and Levi Crutchfield and George Weaver for the sum of $100 principal, $2.75 interest, and $3 for cost.  Given under my official signature, this November 22, 1897.  W. M. Weaver, County Judge." Service of the scire facias was made on Weaver, and he thereupon came into court and pleaded, (1) that he was "at no time a member of the firm of L. Crutchfield & Co. and at no time was he ever indebted to plaintiffs in fi. fa.;"  (2) that he "was never served with a copy of the suit on which the original judgment was founded, nor did he waive service, nor did he appear and plead, nor did he know of the existence of such suit;" and (3) that at the time said judgment was rendered he was only 17 years of age. It appears, from the evidence, that the judge of the county court who presided in 1897 is dead, as are also the bailiff and all the other ministerial officers of the court; and that all the papers in

the original suit, antecedent to the above judgment, have been lost. The testimony of Weaver fully supported the allegations of his plea; but there were some circumstances tending to discredit him. There was no other evidence for either side. The judge held: "The judgment is by a court of record, and every presumption is to be indulged in favor of its regularity; the record in existence shows no defect upon its face. It is made to appear that the judge and ministerial officers are all dead. The defendant in this proceeding can not collaterally attack this judgment against him on the ground that he was an infant when it was rendered and was not served; especially when supporting it by no evidence save his own testimony." To the order reviving the judgment the defendant excepted, and sued out certiorari to the superior court. A motion to dismiss was made at the hearing, on the ground that appeal, and not certiorari, was the proper remedy, because a mixed question of law and fact was involved in the decision of the county judge. The judge of the superior court overruled the motion to dismiss, and no cross-bill is filed. This court, therefore, takes it for granted that the judge of the county court based his decision upon questions of law and did not decide any question of fact. The certiorari was overruled, and Weaver excepts.

1. The defendant could not, in a scire facias to revive a judgment, raise the point that he was not a member of the partnership against which the original judgment had been rendered. This was an attempt to inquire into the merits of the judgment. "On the general principle of res adjudicata (which applies equally to proceedings by scire facias as to any other action or suit), and on the further ground that this method of reviving a judgment is merely a supplementary step in the original action, the defendant is absolutely precluded from going behind the judgment and offering in defense to the scire facias any matter which existed before the rendition of the original judgment and might have been presented in the former proceeding. In no case and under no circumstances can the merits of the original judgment be inquired into by the defendant on a writ to revive it." 1 Black on Judgments (2d ed.), §493; Foster on Scire Facias, *27; Civil Code, §5380; *Wiley* v. *Kelsey*, 9 *Ga.* 117; *Camp* v. *Baker*, 40 *Ga.* 149. Therefore, where he was actually in court and failed to plead to the jurisdiction of the court in due time, he can not offer this

defense to a scire facias. Smith v. Eaton, 36 Me. 298 (58 Am. Dec. 746). Nor can he show that the notes which were the foundation of the original judgment were paid before the judgment was rendered. *Camp* v. *Baker,* supra. So also, "in a scire facias brought to obtain an execution on a former judgment in ejectment, it is incompetent for the defendant to controvert the title determined by such judgment." Bradford v. Bradford, 5 Conn. 127. Having had his day in court, he must avail himself of all defenses then existing, and can not raise, in defense to a scire facias, any point which he could have raised then. McFarland v. Irwin, 8 Johns. (N. Y.) 77; Pittsburg etc. Ry. Co. v. Marshall, 85 Pa. St. 187; Anthony v. Humphries, 9 Ark. 176; Betancourt v. Eberlin, 71 Ala. 461 (4); Vredenburgh v. Snyder, 6 Iowa, 39. If Weaver was not a member of the partnership, he should have so pleaded and so proved in the original suit. It is too late for him to complain on this ground when scire facias is brought to revive the judgment.

2. The defense that he was not served with process in the original suit, did not waive service, and did not appear and plead therein, if true, would make the judgment an absolute nullity as to him individually. "It is an unquestioned principle of natural justice that a man should have notice of any legal proceeding that may be taken against him, and a full and fair opportunity to make his defense. The law never acts by stealth; it condemns no one unheard. . . A personal judgment rendered against a defendant without notice to him or an appearance by him is without jurisdiction, and is utterly and entirely void." 1 Black, Judg. §220; Pennoyer v. Neff, 95 U. S. 714 (24 L. ed. 565); Bloom v. Burdick, 1 Hill (N. Y.) 130 (37 Am. Dec. 305). In proving that he was not served, the defendant is not seeking to raise a defense which he could have raised in the original suit, as was held in Bell v. Williams, 4 Sneed (Tenn.), 196; because if he was not served and did not appear, he was not in court and had no opportunity to make any defense whatsoever. The Tennessee court suggests that if he has any remedy in such a case, it is in equity. But there is little to support a doctrine that would drive the defendant into equity to be relieved against mere ink and paper which has not the slightest substance of legal efficacy. Such a judgment being absolutely void, it may be attacked and its invalidity asserted

whenever and wherever the question is involved. Civil Code, §5369; *Parish* v. *Parish,* 32 *Ga.* 653; *Doe ex dem. Johnson* v. *Roe,* 48 *Ga.* 648; *Ponce* v. *Underwood,* 55 *Ga.* 601 (2); *Rodgers* v. *Evans,* 8 *Ga.* 143 (52 Am. D. 390); *Spencer* v. *Farrow,* 63 *Ga.* 163; *Yon* v. *Baldwin,* 76 *Ga.* 769; Horner *v.* Doe, 1 Ind. 130 (48 Am. Dec. 355); Shaefer *v.* Gates, 2 B. Mon. (Ky.) 453 (38 Am. Dec. 164). Therefore such a judgment can not be continued in existence by scire facias, when it never had any life. In re Board etc. of Fourth Drainage District, 37 La. Ann. 916; 1 Black, Judg. §496. See also Thayer *v.* Tyler, 10 Gray (Mass.), 164, 169. We conclude, therefore, if Weaver can establish the fact that the court which assumed to render the judgment against him had no jurisdiction over his person, he has a complete defense to the scire facias. This brings us to a consideration of the method by which the law allows him to establish this fact, and makes necessary an investigation into the rules of evidence, and especially the presumptions which the law throws about the act of those charged with the administration of justice. There is no doubt that he could take advantage of any defect appearing on the face of the judgment or record of the court; because, if the record itself shows that the court did not acquire jurisdiction over him, every presumption could be indulged in its favor, and still the judgment would be a nullity. If, for example, the law prescribes that the defendant shall be served personally, and the return of the officer entered on the minutes of the court shows that the only service perfected on him was by leaving a copy at his residence, the fact of no jurisdiction is proved by the record itself and the judgment is void. *Hobby* v. *Bunch,* 83 *Ga.* 1 (5), 12 (10 S. E. 113, 20 Am. St. R. 301); *Prescott* v. *Bennett,* 50 *Ga.* 266. So in the present case, the defendant was a minor, and as to him the law requires personal service and the appointment of a guardian ad litem. Civil Code, §4987; *Maryland Casualty Co.* v. *Lanham,* 124 *Ga.* 859 (53 S. E. 395). If the record were in existence and any of these defects appeared thereon, Weaver would have a complete defense to the scire facias. See *Rutherford* v. *Crawford,* 53 *Ga.* 140 (3); *Doe ex dem. Johnson* v. *Roe,* 27 *Ga.* 555 (2). But the record of the court as to service is lost, the officers are dead, and the only thing in existence is the judgment itself. In what way can Weaver establish the fact that he was not served or that

the court had no jurisdiction of his persón? **The judge of the** county court, in effect, held that Weaver himself was incompetent to testify that he had not been served. **We think** that in doing so he committed error, for the following reasons. In the absence of proof to the contrary, it will be presumed that a judge who renders a judgment causes the jurisdictional facts which authorize him to render it to appear to him. The legal maxim "omnia præsumuntur et solemniter esse acta donec probitur in contrarium" is perfectly sound, and is especially applicable to the conduct of judicial officers. Broom's Legal Maxims, 723; Civil Code, §5150. This principle has long been settled as to courts of general jurisdiction. It is well stated in an early Indiana case, as follows: "Where the record discloses nothing on the point, jurisdiction of the person and of the subject-matter will, the contrary not being proved, be presumed in cases of domestic judgments of courts of general jurisdiction, where they come collaterally in question." Horner *v.* Doe ex dem. State Bank, 1 Ind. 130 (48 Am. Dec. 358). See also Shaefer *v.* Gates, 2 B. Mon. (Ky.) 453 (38 Am. Dec. 164); Bloom *v.* Burdick, 1 Hill (N. Y.), 130 (37 Am. Dec. 305). In the last case cited it is held that no presumption whatever is indulged in favor of courts of inferior and limited jurisdiction, and that those claiming under the authority of such a court must show the jurisdictional facts, otherwise the judgment is prima facie void. This is the rule in this State (*Rutherford* v. *Crawford*, 53 *Ga.* 140 (3)), as adopted from the common law. *Gray* v. *McNeal*, 12 *Ga.* 424 (1), 426. But it is not always easy to determine in which category a particular court is to be placed, within the meaning of this rule. Our Supreme Court held, in the case of *Grier* v. *McLendon*, 7 *Ga.* 362, that the court of ordinary is a court of limited jurisdiction, and, a few years later, without in the meantime any change having been made in the jurisdiction of such courts, expressly overruled the earlier case and fixed the rule that such courts are to be regarded as courts of general jurisdiction. *Perkins* v. *Attaway*, 14 *Ga.* 27 (2), 30. See also *Tucker* v. *Harris*, 13 *Ga.* 1, 7 (58 Am. D. 488), in which Judge Lumpkin says: "The line of demarcation between courts of general and limited jurisdiction is not so definite, however, as is generally supposed. It is usual to state what particular courts fall within the one class, and what within the other. But what.

author has undertaken to mark with accuracy and precision the boundary between the two? Bacon has not, nor has Blackstone, nor any other elementary writer." So far as our investigations have gone, it has never been determined by our Supreme Court upon which side of this shadowy line the county court should fall, and we do not deem a determination of the question necessary to a decision of the particular point now before this court. In either event, if the record, whether lost or not, is silent as to service, and the defendant testifies that he was not served, the presumption of fact that the ministerial officer made proper service is rebutted, and it then becomes a question to be decided, in the light of all the competent testimony on the subject, as to whether or not there was service. *McBride* v. *Bryan, 67 Ga.* 584. We fail to see why the defendant himself was not a competent witness as to this question. The old rule of the common law, that parties are incompetent to testify in their own favor, has been universally abolished; and in this State the general rule now is that every person is competent in any case. The exceptions to this rule are few and are specifically enumerated, the courts being forbidden to make any others. Civil Code, §§ 5269, 5270. By none of the exceptions there enumerated is the defendant in the case at bar made incompetent. In *Doe* v. *Johnson, 27 Ga.* 555 (2), it is held, "Evidence tending to prove that a judgment rendered against an infant, which judgment was offered and received in evidence, was null and void for the want of service, and for the want of a proper representative, and for other reasons, is admissible." See also *American Mortgage* v. *Hill, 92 Ga.* 297 (1), 304 (18 S. E. 425). It follows, therefore, that the county judge erred in holding that the defendant was incompetent; and the judgment of the superior court, overruling the certiorari, is therefore       *Reversed.*