22770. FIELDING *v.* M. RICH & BROTHERS COMPANY.

DECIDED APRIL 26, 1933. REHEARING DENIED MAY 13, 1933.

*Noah J. Stone,* for plaintiff in error. *A. O. Randall,* contra.

SUTTON, J. On July 15, 1931, M. Rich & Brothers Company filed a petition in the municipal court of Atlanta to revive a judgment obtained April 6, 1922, against George F. Fielding in that court. The plaintiff prayed that the writ of scire facias issue and be served upon the defendant, requiring him to show cause at the next term of court why the judgment should not be revived. Accordingly, the writ issued in the name of the chief judge of that court by the clerk thereof, requiring the defendant to appear at the August term, 1931, of said court to show cause why said judgment should not be revived. On August 3, 1931, the defendant filed a motion to dismiss the petition to revive the judgment, on the grounds that the petition was not served on him within the time prescribed by law and that a copy thereof was not served upon him personally. On September 15, 1931, a judge of the trial court passed an order to the effect that, it not appearing that service had been made on the defendant as required by law, the petition and process be amended and made returnable to the November term, 1931, of said court (which was done), and that a copy of the suit

and process and of the order be served on the defendant. On November 2, 1931, the defendant again moved to dismiss the plaintiff's proceedings to revive the judgment, on the ground that a copy of the scire facias was not served on him as required by law, and that the case was originally returnable to the August term, 1931, of said court; that on September 15, and at the trial term, no service having been made on him, the court passed the foregoing order, which was done without authority of law, the court having no right to pass such an order in the case; and that the order did not provide for the issuing of a new scire facias returnable to the November term of the court, and was for that reason void, and no new scire facias was issued or served. The defendant was served personally as provided in the above order. On January 20, 1932, the court overruled the motion on each and every ground thereof. Within the time required by law the defendant excepted pendente lite to this judgment, and the exceptions were certified by the trial judge and filed as a part of the record in the case.

The matter came on to trial, and the plaintiff introduced the original suit in which judgment was obtained, together with entries of filing and service, the original judgment of the court, and the fi. fa. The court then passed this order: "It appearing to the court in the above-stated case that scire facias was duly issued and served on George F. Fielding, the defendant in said judgment named, and no sufficient cause having been shown why said judgment should not be revived, it is hereby considered, ordered, and adjudged by the court that said judgment be and the same is hereby revived," etc. The defendant made an oral motion for a new trial, on the ground that said judgment was contrary to law, was without evidence to support it, and against the greater weight of the evidence; and that he should have a new trial because the original proceedings against the defendant, in which the revived judgment was rendered, failed to set forth a cause of action against him, the same showing that the account was owed by Mrs. George F. Fielding, and that there were no allegations therein showing any liability upon this defendant, that a judgment rendered upon a petition which fails to set forth a cause of action is null and void; and that he was entitled to a new trial because the original scire facias to revive the dormant judgment issued on July 15, 1931, and required him to appear on the first Monday in August, 1931, which was less

than twenty days, and it further appeared that personal service was had on him on September 16, 1931, after the time had expired in which the scire facias required him to appear, and that no new scire facias was issued and he had not been served as required by law, and said proceedings were null and void and the judgment should not be revived. The court overruled the motion for a new trial, and the defendant appealed to the appellate division of the municipal court, assigning error on his exceptions pendente lite and upon the judgment overruling his oral motion for new trial. The appellate division affirmed the judgment of the trial judge, and the defendant thereupon sued out certiorari, alleging that the appellate division erred in affirming the judgment excepted to pendente lite and in affirming the judgment overruling his motion for new trial. The judge of the superior court overruled the certiorari, and to this judgment the defendant excepted.

Scire facias to revive a judgment is not an original action, but the continuation of the suit in which the judgment was obtained, and may be used by a plaintiff to revive a dormant judgment. Civil Code (1910), §§ 5973 et seq. "A scire facias to revive a dormant judgment in the superior courts must issue from and be returnable to the court of the county in which the judgment was obtained, shall be directed to all and singular the sheriffs of this State, and signed by the clerk of such court, who shall make out copies thereof, which shall be served by the sheriff of the county in which the party to be notified may reside, twenty days before the sitting of the court to which it is made returnable, and the original returned to the clerk of the court from which it issued; and an original and copy shall issue in each county in which any party to be notified may reside." Civil Code (1910), § 5976. Scire facias to revive a judgment in any cause in the municipal court of Atlanta shall be had as in the superior court, but such scire facias shall run throughout the State and may be served within the City of Atlanta by the marshal of said court, or his deputies, or, elsewhere, by any sheriff or deputy sheriff of this State. Ga. L. 1913, p. 160. This section contemplates personal service, and service by leaving a copy at the most notorious place of abode of the defendant is not sufficient. *Atwood v. Hirsch*, 123 *Ga.* 734 (51 S. E. 742). A service within less time than prescribed by this section of the code is a mere nullity, and service of an order to continue a case for the purpose of perfecting

service would not supply the place of service of the scire facias. *Donaldson* v. *Dodd,* 79 *Ga.* 763 (4 S. E. 157).

The writ of scire facias is amendable as are declarations, process, or other proceedings in civil causes. Civil Code (1910), § 5692; *Johnson* v. *Goddard,* 19 *Ga.* 597; 56 C. J. 873, § 12. A scire facias is in the nature of an action at law. *Reed* v. *Sullivan,* 1 *Ga.* 292, 293; *Henderson* v. *Alexander,* 2 *Ga.* 81, 89; *Lewis* v. *Allen,* 68 *Ga.* 398, 400; *Perkins* v. *Castleberry,* 112 *Ga.* 626 (37 S. E. 873). As was said by Lord Coke, "Albeit a scire facias be a judicial writ, yet, because the defendant may thereupon plead, this scire facias is accounted in law to be in nature of an action." Coke Litt. 290, b. Each court has power to amend and control its process so as to make it conformable to law. Civil Code (1910), § 4644. It follows, therefore, that where a petition for the writ of scire facias to revive a dormant judgment was filed on July 15, 1931, and process issued requiring the defendant to appear on the first Monday in August, 1931, which was less than twenty days before the sitting of the court to which it was returnable, which writ or process was not served personally on the defendant, and where the defendant made a motion to dismiss the petition because not served within the time required by law and upon him personally, and where on September 15, 1931, at the trial term of said case, the trial judge amended the petition and process and made the same returnable to the November term, 1931, of the court, and ordered that a copy of the petition for scire facias and process and of his order be served on the defendant, and where the defendant was served personally with a copy thereof more than twenty days before the November term, 1931, of the court, which convened on the first Monday in November, a motion to dismiss the petition for scire facias because not served according to law was properly overruled. *Donaldson* v. *Dodd,* supra; *Baker* v. *Thompson,* 75 *Ga.* 164; *Allen* v. *Mutual Loan &c. Co.,* 86 *Ga.* 74 (12 S. E. 265); *Cox* v. *Strickland,* 120 *Ga.* 104 (47 S. E. 912, 1 Ann. Cas. 870); *Sims* v. *Sims,* 135 *Ga.* 439 (69 S. E. 545).

Defenses to a scire facias to revive a dormant judgment can not go behind the judgment. *Weaver* v. *Webb,* 3 *Ga. App.* 726 (60 S. E. 367). The ground of the oral motion for new trial, that the judgment reviving the judgment was erroneous because the petition in the case wherein the judgment was obtained showed on its face that the debt sued for was that of the defendant's wife, and not that of the defendant, was without merit.

From the foregoing rulings it follows that the trial court properly overruled the motion to dismiss the petition for the writ of scire facias, and properly overruled the defendant's oral motion for a new trial, and the judgment of the appellate division of the municipal court of Atlanta, affirming the action of the trial court, was correct, and the judge of the superior court properly overruled the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*