## 24855. ELLIS v. McCRARY, administrator.

STEPHENS, J. 1. Where there has been a failure to perfect service upon a defendant in a proceeding by scire facias to revive a dormant judgment, the court may at a subsequent term, by appropriate order, continue the case to the next term, cause a new process to issue, make the case returnable to that term, order the clerk to issue process accordingly, and order that copy of the original scire facias and process and order be served personally upon the defendant. *Donaldson* v. *Dodd,* 79 *Ga.* 763 (4 S. E. 157); *Cox* v. *Strickland,* 120 *Ga.* 104 (9, 10) (47 S. E. 912, 1 Ann. Cas. 870); *Sims* v. *Sims,* 135 *Ga.* 439 (69 S. E. 545); *Fielding* v. *M. Rich & Bros. Co.,* 46 *Ga. App.* 785 (169 S. E. 383).

2. While perfection of service upon a defendant is essential to the existence of a suit pending, the pendency of the suit on the perfection of the service relates to the date of its filing. *Waldon* v. *Maryland Casualty Co.,* 155 *Ga.* 76, 84 (116 S. E. 828); Code of 1933, § 81-112 (Code of 1910, § 5551). Where the time limitation within which the suit must be brought had not expired on the date of the filing of the suit, but had

584

expired before the date of the perfection of service (the commencement of the suit, where service has been perfected, being when the suit is filed). the suit was filed within the period of the statute of limitations. This is true notwithstanding service was not perfected in time for the appearance term, but was perfected at a subsequent term pursuant to a valid order of court amending the process and extending the time of service.

3. This suit to revive a dormant judgment was not barred by the statute of limitations, and the court did not err in overruling the demurrer and in rendering judgment for the plaintiff. *Thomas* v. *Towns*, 66 *Ga.* 78. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 7, 1936.

*Wright & Covington, M. B. Eubanks,* for plaintiff in error.
*Alec Harris,* contra.