27504. STAHLE, administratrix, *v.* JONES.

DECIDED JULY 8, 1939. REHEARING DENIED JULY 20, 1939.

*S. W. Hatcher,* for plaintiff. *L. D. Moore,* for defendant.

STEPHENS, P. J. Mrs. Minnie C. Stahle, as administratrix of the estate of J. W. Hammock, on March 18, 1938, filed her petition in the city court of Macon, in which she prayed for the issuance of the writ of scire facias to be served upon W. E. Jones, as the defendant, requiring him to show cause at the next term of the court why a judgment in favor of the plaintiff against him, in the sum of $100, interest and costs, which had been entered on March 20, 1928, should not be revived. On March 18, 1938, the writ of scire facias, returnable to the court on the first Monday in June, 1938, was issued, and service was afterwards, on March 25, 1938, by the deputy sheriff, perfected on the defendant by leaving a copy of the "petition and process" at his residence. Personal service on the defendant was not perfected. Afterwards, on October 1, 1938, at the September term of the court, which was the next ensuing term to that at which the writ was returnable, the court, pursuant to the motion made by the plaintiff, passed an order, designated

as an amendment to the writ of scire facias, making the proceedings returnable to the December term, 1938, of the court, and ordering that the defendant be served personally with the petition and the writ of scire facias and show cause why the judgment described in the petition should not be revived. On September 13, 1938, at the September term of court, the defendant made a special appearance for the sole purpose of moving to dismiss the petition and the writ of scire facias, and moved to dismiss the plaintiff's petition and the writ of scire facias on the ground that they had not been served on the defendant personally as the law required, but were served by leaving same at the residence of the defendant, which was not legal service. Afterwards, on October 6, 1938, which was during the September term of court, the defendant, reciting in his motion that, while his former motion to dismiss the case was pending, the plaintiff, without notice to the defendant or his counsel, procured an order of the court reciting the fact that the defendant had not been served and making the case returnable to the December term of the court, moved to vacate the order amending the writ of scire facias and ordering personal service to be perfected on the defendant returnable to the December term of court, and also moved to dismiss the case. Both motions were on the ground that as the defendant had never been served the court at the September term was without jurisdiction to "take any action whatsoever in connection with said case except to dismiss the same."

On November 5, 1938, the court vacated the order allowing the amendment to the writ of scire facias, and ordered and adjudged that the case be dismissed. The plaintiff excepted.

At a term subsequent to the return or appearance term, the court is not without jurisdiction to entertain a motion and pass an order for the perfection of service and making the suit returnable to a subsequent term of court. Any illegality in such order is dependent, not upon the lack of jurisdiction in the court, but upon the laches of the plaintiff or his failure to show due diligence in causing service to be perfected. *Allen* v. *Mutual Loan & Banking Co.*, 86 *Ga.* 74 (12 S. E. 265); *Sims* v. *Sims*, 135 *Ga.* 439 (69 S. E. 545); *Cox* v. *Strickland*, 120 *Ga.* 104 (9, 10) (47 S. E. 912, 1 Ann. Cas. 870); *Dobbins* v. *Jenkins*, 51 *Ga.* 203; *McClendon* v. *Ward-Truitt Co.*, 19 *Ga. App.* 495 (91 S. E. 1000); Code, §§ 81-202, 81-218. An order passed at a term subsequent to

the return term providing for the perfection of service and making the case returnable to a subsequent term is presumably made upon a proper and sufficient showing to the satisfaction of the court. There is no reason why the same rule should not apply to a case where a scire facias has issued to revive a dormant judgment where service was not perfected within the time required by law. "Scire facias to revive a judgment is not an original action, but the continuation of the suit in which the judgment was obtained." Code, § 110-1005. Where a scire facias has issued to revive a dormant judgment, and personal service on the defendant, as required by law, is not perfected, the court is not without jurisdiction, at the next term of court after the term to which the writ was returnable, to pass an order on motion of the plaintiff made at that term purporting to amend the writ of scire facias and directing that the writ of scire facias be returnable to the next term of court thereafter and that the defendant be served personally with the petition and the writ of scire facias. See *White* v. *Hart,* 35 *Ga.* 269; *Fielding* v. *M. Rich & Bros. Co.,* 46 *Ga. App.* 785 (169 S. E. 383) ; *Ellis* v. *McCrary,* 52 *Ga. App.* 583 (183 S. E. 823).

Where the time limitation within which the petition for scire facias must have been filed had not expired on the date of filing the petition, but had expired before the date of the filing of the motion, made by the plaintiff at the subsequent term of court, to amend the writ of scire facias and the order to perfect personal service on the defendant, the court was not without jurisdiction to entertain the motion to amend, and to amend, the writ, and to order service perfected, on the ground that, at that time, the period of limitation within which the judgment could be revived had expired. By a perfection afterwards of legal service, pursuant to the amendment of the writ of scire facias, the suit would be a valid suit and would have been filed within the period of limitation. *Waldon* v. *Maryland Casualty Co.,* 155 *Ga.* 76, 84 (116 S. E. 828) ; *Ellis* v. *McCrary,* supra.

*Donaldson* v. *Dodd,* 79 *Ga.* 763 (4 S. E. 157), in which it was held that it was not error for the court, at the return term of a writ of scire facias, to refuse to grant an order continuing the case until the next term of court for the purpose of perfecting service and that the next term be made the return term, and that the order be perfected on the defendant twenty days before the next

term, and that it was not error for the court at the next term of court to dismiss the scire facias, is distinguishable. In that case no order was passed, and it did not appear that the plaintiff had been diligent. In that case the order which was moved for and which was not granted was not an order providing for new process or service of the writ of scire facias on the defendant. In the case now before the court the order which was passed was designated as an amendment to the writ of scire facias. It made the proceedings returnable to a subsequent term of court and ordered that the defendant be served personally with the petition and the writ of scire facias.

It was error for the court, at a later term, on motion of the defendant based solely on the ground that, as the defendant had never been personally served as required by law (*Alwood* v. *Hirsch*, 123 *Ga.* 734, 51 S. E. 742), the court was without jurisdiction at the next term subsequent to the return term, "to take any action whatsoever in connection with said case except to dismiss the same," to vacate the order allowing the amendment to the writ of scire facias, and to dismiss the case.

*Judgment reversed. Sutton, J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. The trial judge passed an order providing for the perfection of service, based on evidence which authorized the exercise of a discretion at a time when the court had authority to do so. The revocation of this order on the ground that the court did not have the original authority to exercise the discretion in ordering service perfected was tantamount to a refusal and failure to exercise a discretion which it was the court's duty to exercise. Consequently the revocation of the order perfecting service and the order dismissing the case were erroneous.