## 47738. HUMBLE OIL & REFINING COMPANY v. FULCHER.

ARGUED JANUARY 5, 1973 — DECIDED MARCH 12, 1973 — REHEARING DENIED MARCH 28, 1973 —

*Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Malcolm Maclean, Edward C. Minor,* for appellant.

*Stanley E. Harris, Jr.,* for appellee.

CLARK, Judge. This is an appeal from the granting of a motion by a plaintiff to add Humble Oil & Refining Company as a party defendant to a suit which had been pending almost two years at the date of the order. For decision are three questions: (1) Is there a requirement for legal notice to be served upon the party sought to be added before hearing such motion to add a party? (2) Did the court abuse its discretion in ordering joinder of Humble Oil 21 months after commencement of the suit against the original defendants? and (3) Did the statute of limitation bar such joinder when the petition was filed

within the statutory period but not served until after its expiration?

On November 9, 1970, plaintiff Fulcher sued original defendants Nace and Boatright for personal injuries sustained in an auto collision which happened August 3, 1970. Although not in the record before us it appears from the items requested to be omitted in the notice of appeal that extensive discovery proceedings ensued. Then on July 24, 1972, plaintiff served notice upon original defendants of intention to move for an order adding Humble Oil as a party defendant. The complaint originally described Nace as employee and Boatright as employer. The proposed motion averred Humble Oil to be the employer, Boatright to be manager of Humble's station, and Nace as Humble's employee. No notice was given Humble of the filing of this motion nor of the hearing thereon scheduled for July 28. On that date the judge entered an order making Humble Oil a party including therein provision for service of any amended complaint upon Humble within 30 days. The order recited that Humble Oil "is a person whose presence is needed for a just adjudication as provided by Ga. Code Ann. § 81A-121." On that same day plaintiff filed with the clerk two conformed copies of the original complaint, motion to add defendant and order thereon, and an amended complaint and process with direction for service to be made by Fulton County sheriff upon the foreign corporation's statutory agent for service. These documents were mailed immediately but service was not perfected until August 3, one day after expiration of the two year negligence personal injury statute of limitation.

On August 22 Humble Oil filed its motions for dismissal which were overruled on October 2 after oral argument and briefs with the judge granting that same date the necessary immediate review certificate for this court to consider the legal points herein decided.

■ This court affirms. In reviewing the record, we find no flaw in the procedural steps taken by plaintiff to add appellant as a party defendant. Further, it appears that all the necessary procedural steps were taken within the two-year limitation. With regard to procedure, Section 21 of the Civil Practice Act (Code Ann. § 81A-121; Ga. L. 1966, pp. 609, 632) provides that "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Plaintiff's motion was handled in accordance with general motion procedure. Code Ann. §§ 81A-105, 81A-107 (b). Specifically, plaintiff filed a written motion on stated grounds moving for an order, which (1) would make appellant a party defendant and (2) direct the issuance of process and service on it. Copies of said motion along with notice of hearing were served on the then existing parties. The hearing duly took place with the trial court expressly finding that the proposed added party "is a person whose presence is needed for a just adjudication." Additionally, the court's order made provision for legal service of an amended complaint upon Humble Oil.

Appellant's contention that plaintiff's motion to add appellant as a party defendant must be served on it at the outset is without merit. There is no mandatory requirement. Federal Rule of Civil Procedure 21, upon which Section 21 of our Civil Practice Act was based and codified as § 81A-121, has been interpreted as not requiring that a proposed new party be given notice of such motion, but that notice should be given to those who are *already parties* to the action. See 3A Moore's Federal Practice (2d Ed.) p. 21-25, § 21.05 (1) and cits., wherein it is recognized that the "court may in its discretion permit the proposed new party to be heard." Where, as was done here, there is no prior notice the proposed defendant may by defensive pleading filed in compliance with the statutory process attack the propriety of being brought

into court. Humble Oil did in fact present its position through its motion to dismiss.

■ The "adding or dropping of parties requires the exercise of a discretion by the court. " *Robinson v. Bomar,* 122 Ga. App. 564, 567 (177 SE2d 815). The motion to add Humble Oil as a party defendant was predicated upon imputed negligence alleging a master-servant relationship involving Humble Oil. Such discretion was properly exercised when it was made to appear that appellant's "presence is needed for a just adjudication." (T. 11).

■ As the amended complaint was filed within the statutory period the fact of service being perfected upon the added party defendant one day after the two-year period does not bar the amended complaint. The law governing such situation is stated in *Parker v. Kilgo,* 109 Ga. App. 698, 700 (137 SE2d 333): "[I]f the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation. [Cits.]" In accord, *Hilton v. Maddox, Bishop, Hayton &c.,* 125 Ga. App. 423, 425 (188 SE2d 167). Since plaintiff could have filed a new suit against appellant on the date that the motion to add appellant as party defendant was filed, appellant has not been prejudiced by applying the law applicable to filing of petitions to the instant case. As the amended complaint was filed on July 28, 1972, the lapse of time (5 days) between filing and service in another county was not dilatory but reasonable and timely. Service perfected one day after the statute tolled has not unduly prejudiced Humble.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ON MOTION FOR REHEARING.

CLARK, Judge. Appellant's counsel contends the case of *Bower v. Thomas,* 69 Ga. 47, as the earliest full bench

decision is controlling and requires a reversal. This 1882 decision is not applicable to the present case. The reasons are: (1) There, a substitution of a party defendant erroneously sued was sought, whereas, here, a party is added to the suit, one alleged to be within the master-servant relationship to the original defendants; (2) in 1882 Georgia law did not provide a procedure such as now exists which permits the adding or dropping of parties "by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just" (Code Ann. § 81A-121); and (3) the Supreme Court's opinion itself commented at p. 50 that its ruling was based on "circumstances like these" which indicated it intended its ruling to be limited to the facts of that case. Since those facts show the passage of more than two years between the date of the substitution of the defendant in February 1879 and service upon him in March 1881 one readily recognizes the special circumstances which influenced the court. Contrast that dilatoriness with the diligence shown in the case sub judice where the fact of a master-servant situation was learned during its proceedings and service promptly made without any delay upon Humble Oil as an added party (not substituted). See also *Ellis v. McCrary,* 52 Ga. App. 583 (183 SE 823) and *Waldon v. Maryland Cas. Co.,* 155 Ga. 76, 84 (116 SE 828).

*Judgment adhered to. Hall, P. J., and Evans, J., concur.*