No. 25.—L. M. WILEY, PARISH & Co. plaintiffs in error, *vs.* C. & G. H. KELSEY and HALSTED and others, defendants.

[1.] The judgment of a Court of competent jurisdiction, over the subject matter, is conclusive as to the facts which it decides, until reversed or set aside, and such judgment cannot be collaterally *impeached or contradicted* by evidence which such judgment declares to have been *cancelled and annulled.*

Rule against Sheriff, and motion to set aside *fi. fa.* in Houston Superior Court. Decided by Judge STARK, April Term, 1850.

At the April Term, 1839, of Houston Superior Court, L. M. Wiley, Parish & Co. obtained judgment against T. & S. Williams, for the sum of $1753 96 cents, principal. Execution issued therefor on the 18th day of May, 1839.

The correct amount was inserted in the face of the execution, but on the back it was for $753 96—the same entry was made on the execution docket. The only entry which appeared upon the execution, was a receipt, in the hand-writing of the late Judge *Tracy,* for $186 46 cents—but not signed by him—dated January 25th, 1840.

At the October Term, 1846, and on the 28th day of the month, an order was obtained, which recited that it appeared to the Court, by the statement of plaintiff's counsel and an inspection of the record, that the original *fi. fa.* had been issued by the Clerk, through mistake, for $753 96 cents, instead of $1753 96 cents, and ordering that the said *fi. fa.* so erroneously issued, be cancelled and annulled, and a new one for the correct amount be issued; and, also, directing the late Sheriff, George M. Duncan, to enter upon the new *fi. fa.* any levy or payment which may have been made upon the old one; and accordingly, upon said *fi. fa.* George M. Duncan made several entries, the last of which was made sometime about the 1st of January, 1840.

At the October Term, 1846, of said Court, a controversy arose as to the distribution of certain money arising from the sale of T. & S. Williams' property, between the plaintiffs in this *fi. fa.* and

other judgment creditors of T. & S. Williams, when an issue of payment was made, and tendered upon the *fi. fa.* of Wiley, Parish & Co. at the instance of C. & G. H. Kelsey and Halsted, which was, at the April Term, 1847, withdrawn, and at said term, on motion of counsel, the *fi. fa.* of Wiley, Parish & Co. was set aside, on the ground that it was dormant, and the money then in the hands of the Sheriff ordered to be paid to the *fi. fa.* of C. & G. H. Kelsey and Halsted. To which decision exception was taken, and the same was reversed by the Supreme Court; and, subsequently, money was paid upon said *fi. fa.* by order of the Superior Court, had at October Term, 1848.

At the April Term, 1850, of Houston Superior Court, a rule was moved against the Sheriff to pay over money arising from the sale of T. & S. Williams' property, to the *fi. fa.* in favor of Wiley, Parish & Co. when counsel for defendants in error moved the Court to set aside said *fi. fa.* upon the following grounds:

1st. Because said *fi. fa.* bears date the 28th day of October, 1846—more than seven years after the signing of the judgment from which it issued; that it is attested by Angus M. D. King, as Judge, who was not, at that time, Judge, and signed by Lewis J. Jordan, as Clerk, who was not, at that time, Clerk of this Court.

2d. Because said *fi. fa.* is not an *alias fi. fa.* and contains entries prior to its date—the original *fi. fa.* having been, by order of Court, set aside, cancelled and annulled by order of this Court.

3d. Because the judgment from which said *fi. fa.* purports to have issued was dormant—said *fi. fa.* not having issued within seven years from the time of signing said judgment.

4th. Because the judgment from which said *fi. fa.* was issued is and was dormant before the said *fi. fa.* was issued—the original *fi. fa.* issued therefrom not having any entry made thereon by the proper officer for more than seven years from the time it was issued: and farther,

Because the said original *fi. fa.* was not erroneously issued, but was correctly issued, and that the said original was dormant, and the said established *fi. fa.* was erroneously established, and

contained entries which were not on the original *fi. fa.* and said entries were erroneously placed on the said established *fi. fa.*

Which motion the Court sustained, and ordered the *fi. fa.* of plaintiffs to be set aside as absolutely null and void, and the money in the hands of Sheriff to be paid to the *fi. fas.* in favor of the defendants, according to their priority. To which decision counsel for plaintiffs excepted, and have assigned error thereon.

Powers & Whittle, and Hines, for plaintiffs in error.

Killen, Warren and Giles, for defendants in error.

*By the Court.*—Warner, J. delivering the opinion.

The facts of this case are briefly as follows : At the October Term of Houston Superior Court, in the year 1846, it was ordered and adjudged by the Court, upon the evidence of the plaintiffs' counsel, and an *inspection of the record*, that the Clerk had issued an execution upon a judgment rendered in favor of L. M. Wiley, Parish & Co. *vs.* T. & S. Williams, through mistake, for the sum of $753 95, instead of the sum of $1753 95 ; and it was farther ordered and adjudged by the Court, that the execution so erroneously issued, be and the same is hereby *cancelled and annulled*, and that the Clerk forthwith issue a *fi. fa.* for the correct amount of the judgment, *nunc pro tunc ;* and, also, that the late Sheriff, George M. Duncan, do enter upon said *fi. fa.* so to be issued, any levy or payment which may have been made or received upon the execution *erroneously* issued as aforesaid.

The execution so issued in accordance with the judgment of the Court, has claimed money in the Court below, and has once been before this Court, when it was adjudged not to have been a *dormant execution.*

At the last term of the Court, the execution established by the judgment of the Court, as before stated, was placed in the Sheriff's hands, to claim money arising from the sale of the defendants' property, when a motion was made to set it aside, upon the ground that an execution, alleged to have been the original

execution, was produced in Court, which had been issued for the *correct* amount, and was *dormant* under the law, and the Court sustained the motion, and set aside the *fi. fa.* so issued in accordance with the judgment of the Court, made at October Term, 1846. The only question involved is, whether the judgment of the Court, rendered in October, 1846, can be attacked and set aside in this *collateral* manner.

The only effect of the evidence offered is, to show that the Court was *mistaken* as to the facts when the judgment was rendered in 1846, and that the judgment was *erroneous*. In other words, the evidence now offered *expressly contradicts* the judgment rendered in 1846. The judgment rendered in 1846 declares, that the execution issued for the *wrong* amount. The evidence now offered is for the purpose of showing that there was *no mistake*, and that the execution was originally issued for the *correct* amount, and to prove that fact, a paper is offered which is *said to be* the original execution.

Admit the paper offered in evidence to be the *original* execution, and what effect can it have as evidence? The judgment of the Court, in 1846, declares it to be *cancelled and annulled;* and so long as that judgment remains *unreversed,* it is difficult to perceive upon what legal principle it can be *contradicted,* and especially how it can be contradicted by offering a paper in evidence, which, by the judgment of a Court of competent jurisdiction, has been adjudged to have been *cancelled and annulled.*

Although the judgment may have been *erroneous,* yet it is conclusive as to the *facts* which it purports to decide—it being the act of a Court having competent jurisdiction over the *subject matter*—it cannot be contradicted or attacked, in the manner proposed in the Court below. *Stark vs. Woodward,* 1 *Nott & McCord's Rep.* 329. *Lyles vs. Brown, Harper's Law Rep.* 31. *Geyer vs. Aguilar,* 7 *Tenn. Rep.* 691. *Sims & Wise vs. Slocum,* 8 *Cranch,* 298. 1 *Cond. Rep. U. S.* 541. We are of the opinion the Court below erred in its judgment, in allowing the judgment rendered in 1846, establishing the execution, to be impeached, *colatterally,* by the evidence offered for that purpose.

Let the judgment of the Court below be reversed.