Cochran vs. Davis.

No. 106.—ALEXANDER COCHRAN, plaintiff in error, vs. JOHN W. DAVIS, defendant in error.

[1.] The decisions made by this Court as to the want of original process, do not, in strictness, apply to a defect in the copy.

[2.] A judgment rendered by a Court of competent jurisdiction, whether right or wrong, is the law of the case until set aside, or reversed.

[3.] Where a fact is not disputed and there is abundant proof to establish it, a new trial will not be awarded, none having been applied for in the Court below, because illegal evidence was admitted to the same point.

Certiorari, in Fulton Superior Court. Heard and decided by Judge BULL, April Term, 1856.

John W. Davis commenced an action of assumpsit against Alexander Cochran, in Fulton Inferior Court, on an open account.

At the appearance term, defendant's Counsel moved to dismiss the case because the copy process served on the defendant, was not signed by the Clerk. The Court over-ruled the motion and directed the Clerk to sign the said copy process at that time, which the Clerk did.

At the next and trial term of said case, Counsel for defendant again moved the Court to dismiss the case, because the copy process was not originally signed by the Clerk. The Court over-ruled the motion and ordered the case to trial.

The plaintiff offered in evidence his books in which the account was charged. It appeared that he had clerks, and that some of the items were charged by them, which fact was proved by the plaintiff himself, and to which Counsel for defendant excepted. The Court over-ruled the exception. The hand-writing of the clerks by whom these items were charged, was also proved by two other witnesses.

On these grounds of exception, Counsel for defendant sued out a writ of *certiorari* to the Superior Court; at the hearing

·of which Judge BULL affirmed the decision of the Inferior Court and dismissed the *certiorari.*

HOWELL & COOPER, for plaintiff.

HAYGOOD & WHITAKER, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] As to the exception to the process, we do not think it ·comes within the reason of the decisions made by this Court ·as to *original* process.

[2.] But be that as it may, the Inferior Court, at the first term to which this case was made returnable, decided, upon ·this objection being taken, that the omission by the Clerk to sign the copy process was amendable, and accordingly the defect was cured, and did not, in fact, exist at the subsequent term when the motion was made to quash the proceeding.

The Court had jurisdiction, and no exception was taken to the judgment thus rendered. While that judgment stands it is the law of this case, whether right or wrong.

[3.] As to the alleged error in permitting the plaintiff to prove the entries made by the Clerk, who was beyond the jurisdiction of the Court, conceding that this proof was made against the consent of the defendant's Counsel, there were two other witnesses who established the same fact—and being one about which there was no controversy, and the case not · falling under the New Trial Act of 1853, –'4, we see no reason for remanding the cause for a re-hearing, on account of this supposed irregularity.