### 9138. ECHOLS v. ROBERTS & LONGINO.

JENKINS, J. 1. Where a demurrer is sustained, an assignment of error stating that "to the order sustaining said demurrer and striking said answer, the defendant [naming her] then and there excepted, now excepts, and assigns the same as error" is sufficiently definite, where the demurrer itself appears in the record. *Toomey* v. *Read,* 133 *Ga.* 855 (67 S. E. 100); *McGregor* v. *Third National Bank,* 124 *Ga.* 557 (53 S. E. 93); *Walker* v. *Crummey,* 18 *Ga. App.* 414 (89 S. E. 539); *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (94 S. E. 892, 893). The motion to dismiss the bill of exceptions is therefore overruled.

2. Where the defendant is served, and appears and pleads in the original suit, she can not in any case or under any circumstances inquire into the merits of the original judgment, on a writ to revive the judgment. On the general principle of res adjudicata, the defendant is absolutely precluded from going behind the judgment and offering in defense to the scire facias any matter which existed before the rendition of the original judgment and which might have been presented in the former proceeding. *Weaver* v. *Webb,* 3 *Ga. App.* 726 (60 S. E. 367). The court therefore did not err in sustaining the demurrer and striking the defendant's answer.

Judgment affirmed. Wade, C. J., and Luke, J., concur.<br>
DECIDED MAY 17, 1918.

Complaint; from city court of LaGrange—Judge Harwell. July 7, 1917.

*M. U. Mooty,* for plaintiff in error.

*Hall & Jones, Boyd A. Lovvorn,* contra.