## BUFFINGTON et al. v. BANK OF COLLEGE PARK.

1. A suggestion of the diminution of the record serves only to have transmitted to this court such portions of the record as have been omitted from the transcript of the record of file in this court. Errors in the original proceedings of the lower court cannot be corrected in this court after the transcript of the record has been transmitted by the clerk of the superior court.

2. Under the Civil Code, § 5788, parol evidence is inadmissible to vary or contradict an unambiguous contract in writing, so as to include a memorandum written upon the bottom of one note: "Attest: Note C. H. and J. M. Buffington as collateral." And this memorandum cannot by parol be included in (nor can this stipulation in itself include) another note of a prior date when in such prior note nô such words appear. But there was evidence of a parol agreement on the part of the payee of the collateral note that the note above mentioned should be held as collateral, which was itself a fact not affecting the contents of the writing, and which, if credible, tended to show that the note had been placed as collateral. The fact as to the pledge, being entirely

independent from the contents of the note, could properly be shown by parol.

3. Upon application for injunction, where conflicting evidence creates issues as to material facts, the discretion of the trial judge in granting or refusing the relief prayed for will not be disturbed.

No. 3691.   FEBRUARY 16, 1924.

Petition for injunction.   Before Judge Hutcheson.   Campbell superior court.   November 3, 1922.

*Camp & Parker,* for plaintiffs.   *J. H. Longino,* for defendants.

RUSSELL, C. J.   On April 16, 1923, the defendant in error filed a motion to correct the transcript of the record of file in this court. The motion is as follows: "And now comes the defendant in error, the Bank of College Park, and suggests a diminution, imperfection, and incorrectness of the record in said case, as appears from the transcript of file in this court, and moves the court to have same corrected and perfected so as to correspond with the record below, on the following grounds, to wit:   1. Because no brief of the evidence introduced on the hearing before the judge in the lower court, was ever approved by the said judge or ordered filed; nor has any such brief been filed as required by law in the clerk's office of the superior court of Campbell County, so as to become a part of the record in said case; and the transcript as certified by the clerk below, and now filed in this court, is not a correct representation of the records in the case of file in the lower court.   2. Said defendant in error alleges, on information and belief, that said transcript is incorrect, in that it contains a transcript of an alleged brief of the evidence introduced on the trial below, when as a matter of fact no brief of evidence has ever been approved by the court or judge below, nor filed in the clerk's office of the superior court as required by law, and said transcript should be perfected by eliminating or expunging from said transcript of record said alleged brief of evidence.   3. Counsel for defendant in error shows to the court, that a paper purporting to be a brief of the evidence in said case was presented to him by counsel for plaintiffs in error on Jan. 30th, 1923, for an agreement, and left with defendant's counsel, and he in a short time afterwards signed an agreement on said alleged brief of evidence, and so informed plaintiff's counsel; but said defendant in error, on information and belief, alleges that plaintiff's counsel never called for same, and that the same remained in the office of defendant in error's counsel until after said transcript was

made up and certified. 4. Defendant in error alleges, on information and belief, that said transcript of said alleged brief of evidence, was made up by the clerk from a carbon copy furnished by counsel for plaintiffs in error, and that when said alleged brief of evidence was transcribed from the carbon copy the same was taken by him to the office of counsel for plaintiffs in error, to compare with the original, but said counsel stated that he did not have the alleged original, that the same was in the office of counsel for defendant in error, and he, counsel for plaintiffs in error, took the transcript that had been prepared by the clerk from the carbon copy, and added to said transcript the words: "Approved as correct and ordered filed. John B. Hutcheson, Judge S. C. S. Mt. C.," and then the clerk below certified to said alleged transcript with said words added thereto. Wherefore defendant in error, the Bank of College Park, prays the court for an order directed to the clerk of the superior court of Campbell County, requiring him to perfect the transcript of the record, so as to correspond with the actual record on file in his office; and that said alleged brief of evidence be eliminated or expunged from the record of this court, by the order of this court; and that the court grant such other or further order, as may be right and proper in the premises."

It will be seen that this petition does not comply with the provisions of § 6149 of the Civil Code, which require the grant of an order by the judge of the superior court transmitting what is desired to the Supreme Court, within twenty days of the date of the service of the bill of exceptions. Paragraph one of this section is as follows: "1. If the defendant in error in either the main or cross-bill of exceptions shall desire more of the evidence or other parts of the record, or all of the evidence, or all of the record sent up, he shall, within twenty days after the bill of exceptions is served on the defendant or his attorney, petition the judge who signed the same to order the whole or any part of the record sent up by the clerk; and the judge shall order the same certified accordingly and sent up. And if from the main or cross-bill of exceptions, in any case in which no brief of evidence is made and filed as a part of the record, there is omitted any material evidence, and the judge trying the case has inadvertently certified said bill of exceptions as true, then, within twenty days from the date of service of the bill of exceptions, the trial judge may, on his

motion, make a supplemental .certificate of the evidence so omitted, and said supplemental certificate, together with the evidence so certified, shall form a part of said original main or cross-bill of exceptions, and be so considered by the Supreme Court; and immediately upon the filing of said supplemental certificate with the clerk he shall transmit same to the Supreme Court in the same manner as is provided for with reference to transmission of bills of exception." So it is clear that this court cannot grant the petition of the defendant in error, and that it is now too late for the judge of the superior court to add the additional matter for transmission to this court. As to imperfections and incorrectness of records this court has several times decided that these matters are solely within the jurisdiction of the superior courts, and that this court will not undertake to adjudge the correctness or incorrectness, truth or falsity, of anything in the transcript of the record as certified to be true by the clerk of the trial court in accordance with law; and the allegations of the petition of the defendant in error do not place his request for amendment among those of which this court has jurisdiction to send for more record. Civil Code (1910), § 6149. The only means of correcting inaccuracies or false statements as to the record or its contents is embodied in the act of 1905 as found in § 6149 of the Civil Code.

In *Jackson* v. *Ga. So. & Fla. Ry. Co.*, 132 *Ga.* 127, 135 (63 S. E. 841), the bill of exceptions tendered by the plaintiff was signed on December 17, 1907, and was filed in the office of the clerk of this court on December 27, 1907. On January 2, 1908, a petition was presented to the judge, which alleged that almost thirty days after the grant of the nonsuit one of the plaintiff's counsel tendered the brief of evidence contained in the record which had been certified by the trial judge; that such brief had not been made from the stenographic report of the official stenographer, although the case was reported by him, but was made up entirely from the memory of the attorney; that it was not a correct brief of the evidence adduced at the trial of the case, but was inadvertently certified by the judge as true; that no separate brief of the evidence was filed; that the defendant had procured from the official stenographer a transcript of the evidence adduced at the trial, and had made a brief thereof which was presented with the brief for approval, that it was practically impossible to present only a supplement to

the brief of evidence as contained in the bill of exceptions, and therefore it was prayed that the brief of evidence then presented be certified, and that the clerk be required to transmit such brief to the Supreme Court, "after the same has been approved and made a part of the record in said case." The presiding judge passed an order certifying that the brief of evidence attached to the petition was a true and correct brief of the evidence, oral and documentary, and ordering the full and correct brief to be transmitted to the Supreme Court, "as a part of the record in said case." In accordance with this order the clerk transmitted to this court a certified copy of such order and certificate, and also a certified copy of the brief of evidence as approved by the judge and ordered filed as a part of the record on January 2, 1908. In ruling upon this point Mr. Justice Lumpkin, speaking for the court, says: "Prior to 1905 the Civil Code, § 5536, par. 1, only provided for transmitting to this court additional portions of the record which had not been required to be sent up by specification made by the plaintiff in error. If a brief of the evidence had been approved and filed as a part of the record, it could be transmitted on application and order as other desired portions of the record might be. . . There was no authority for sending up evidence which did not form a part of the record, or for creating an additional record . . after the case had been carried to the Supreme Court. The act of 1905 (Acts 1905, p. 84) . . authorized a species of amendment to the bill of exceptions, by adding evidence omitted from the original bill or cross-bill. It never contemplated that, after the case had been brought to this court, additional record should be made in the superior court by making up and filing there a brief of evidence which had never existed before, and causing it to be transmitted by the clerk as a part of the record for consideration by this court. The omitted evidence is to be certified by the judge, filed with the clerk, and transmitted by the latter to this court as an addition or supplement to the bill of exceptions. The paper brought to this court should have upon it the sanction of the judge's signature, as the bill of exceptions should have. . . The additional evidence does not come here over the judge's original signature, as the act of 1905 contemplated, when it allowed him to correct omissions in the evidence contained in the bill of exceptions. . . Moreover, the act of 1905 provides that where there is omitted from the main or

cross-bill of exceptions any material evidence, and the judge has inadvertently certified such bill of exceptions as true, within twenty days he may make a supplemental certificate 'of the evidence so omitted.' This does not seem to contemplate that the judge may certify as true and correct a bill of exceptions containing a brief of the evidence, and then, on application of the defendant in error, may practically withdraw the evidence certified in the bill of exceptions and substitute therefor an entirely new and different brief of the evidence as a whole." The petition in this case seeks eradication and substitution. The language of the first paragraph, it is true, moves the court to have the brief of the evidence corrected and perfected so as to correspond to the record below. But, as said by Mr. Justice Lumpkin, "It is supplementation, and not eradication and substitution, which the act allows. The law provides that the judge shall correct the bill of exceptions before certifying it, so as to make it conform to the truth and contain the evidence. Civil Code, § 5528, par. 3. The act of 1905 did not proceed on the theory that what had been certified was totally wrong, but that by inadvertence something might have been omitted. . . We are compelled to deal with the case upon the evidence duly certified and brought before us." *Jackson* v. *Ga. So. & Fla. Ry. Co.,* supra.

The motion of the defendant in error cannot be granted upon the grounds insisted upon, because, as stated above, the application was not addressed to the superior court, nor was it made within twenty days after the service of the original bill of exceptions. For also another reason the motion is insufficient to dismiss the bill of exceptions. The motion is based entirely upon the statement that in fact no approved brief of evidence was ever filed, and that therefore it should not have been included in the transcript of the record; and the effect of this statement of fact is to impeach the certificate of the clerk to the transcript of record, by showing that there was never in fact any brief of the evidence. This court has uniformly held that it would not go behind the certificate of the clerk to the transcript of the record to determine the correctness or verity of statements aliunde the record, which conflict with the certificate of the clerk. *Minhinnett* v. *State,* 106 *Ga.* 141 (32 S. E. 19) ; *Clark* v. *State,* 110 *Ga.* 911 (36 S. E. 297) ; *Coart* v. *State,* 156 *Ga.* 536 (119 S. E. 723), and citations. So we consider the case upon its merits.

2, 3.   The second and third headnotes are sufficiently full as not to require further elaboration.

> *Judgment affirmed.   All the Justices concur.*

ATKINSON and GILBERT, JJ., concur in the result.