### 30943. McRAE *v.* BOYKIN.

DECIDED SEPTEMBER 19, 1945. REHEARING DENIED OCTOBER 17, 1945.

William G. McRae, pro se.

E. A. Stephens, Durwood T. Pye, contra.

SUTTON, P. J.   John A. Boykin filed a petition to the November term, 1944, of Fulton superior court, seeking to revive a dormant judgment obtained by him against William G. McRae, on December 21, 1933, in the city court of Atlanta, for $1000 with interest and costs.

McRae in his sworn answer to the scire facias alleged that the trial judge in making his recital in the bill of exceptions in the case of *McRae* v. *Boykin,* 50 *Ga. App.* 866 (179 S. E. 535), as to the written request of counsel for the plaintiff in error for the judge to write out his charge and read it to the jury, erroneously failed to make it appear whether the conversation between the judge and counsel for McRae occurred in open court while the judge was on the bench, or whether it took place while the court was not in session; that the Supreme Court, in passing on the certiorari in the case of *Boykin* v. *McRae,* 182 *Ga.* 252 (185 S. E. 246), assumed that the conference took place while the trial judge was on the bench and while the court was in session, and held that the plaintiff in error was bound by the conversation, and this constituted a waiver of the plaintiff in error's request; that, had the trial judge stated all the facts about the conversation in his recital in the bill of exceptions, he would have stated that the conversation between him and counsel occurred in the private office of the judge during a temporary recess; that, if these facts had been stated in the bill of exceptions, it would have shown the conversation to have been between individuals and not between court and counsel; that the Supreme Court of necessity would have affirmed instead of reversed the decision of the Court of Appeals in *McRae* v. *Boykin* (supra) on the question of waiver; and that for this reason Boykin's judgment should not be revived in the present proceedings.

McRae further alleged in his answer: that, in passing upon the assignments of error contained in his bill of exceptions in *McRae* v. *Boykin,* 50 *Ga. App.* 866 (supra), brought to review the judgment obtained by Boykin on December 21, 1933, in the city court

of Atlanta (which the scire facias proceeding in this case sought to revive), the Court of Appeals applied an arbitrary rule, which was unsupported by law, and which was and is different from the rules applied by the Court of Appeals and the Supreme Court to other persons litigant in said courts under the same or similar circumstances; and that such rule is a denial to the plaintiff in error (McRae) of due process and equal protection of the laws in violation of art. 1, sec. 1, par. 1, and art. 1, sec. 1, par. 3 of the constitution of Georgia and the provisions of art. 6, sec. 2, par. 9 thereof (which constitutional provisions are set forth in his answer), and in violation of art. 14, sec. 1 of the constitution of the United States, which provision is also set forth in his answer. It is contended by the plaintiff in error in his answer that the rulings of this court on certain alleged errors in the admission of evidence offered by the defendant, over the objections of the plaintiff, and the adverse rulings of the lower court in disallowing certain evidence offered by the plaintiff, as set forth in divisions 2, 3, and 5 of the decision in *McRae* v. *Boykin* (supra) are in conflict with the rulings laid down by the Supreme Court in the following cases: *Tedder* v. *Stiles,* 16 *Ga.* 2 (6); *Buffington* v. *Bank of College Park,* 157 *Ga.* 570, 575 (122 S. E. 50); *Grover* v. *Wilkes,* 148 *Ga.* 794, 795 (5) (98 S. E. 503); *Planters &c. Fire Association* v. *DeLoach,* 113 *Ga.* 802 (39 S. E. 466); and are contrary to the Code, § 6-1611 (quoting it), and notwithstanding the provisions of art. 6, sec. 2, par. 9 of the constitution of Georgia, viz., "The decisions of the Supreme Court shall bind the Court of Appeals as precedents;" and that the decision of this court, as above stated, is a denial of due process and equal protection of the law to the respondent, and contrary to the provisions of the constitutions of Georgia and of the United States, as found in the various paragraphs of the State and Federal constitutions above cited.

The plaintiff filed a general demurrer to the answer of the defendant, as follows: "That said answer does not as a whole, nor do any of its paragraphs or parts, show any valid or legal defense to the petition, or . . any reason why the judgment should not be revived as prayed for, all the matters and things set out in the answer of the defendant having been decided by courts of competent jurisdiction, as appears in respondent's answer,

and are therefore res adjudicata and can not now be pleaded or urged as a defense."

The demurrer was sustained and the answer stricken, and the court then passed an order reviving the judgment. The defendant excepted to this order and to the antecedent ruling striking his answer to the scire facias.

Counsel for the plaintiff in error states in his brief that the basic facts upon which the defenses are predicated are stated with sufficient accuracy in *McRae* v. *Boykin* (50 *Ga. App.* 866) to enable this court to arrive at a clear understanding of the relevancy of the assignments of error; and he contends that the only question for decision now is whether or not a denial of due process of law and equal protection of the laws by the appellate courts, in passing upon the assignments of error in a bill of exceptions challenging the legality of a judgment, may be pleaded as a defense in a proceeding to revive a dormant judgment.

The Code, § 110-1005, provides that, "Scire facias to revive a judgment is not an original action, but the continuation of the suit in which the judgment was obtained;" and it is further provided in section 110-1008 that, "In all cases of scire facias to revive a judgment, when service has been perfected as herein provided, such judgment may be revived, on motion, at the first term, without the intervention of a jury, unless the defendant shall file an issuable plea under oath, in which case the defendant shall be entitled to a trial by jury as in other cases."

The plaintiff in error concedes that a defendant in a scire facias proceeding has no right to file an issuable plea that goes behind the judgment, except that he may defend on the ground that he was not served and did not appear in the original suit; and he does not contend that he has a right to make any defense which would have been available to him on the trial of the case, and which he failed to make before judgment. It is pertinent to state here that the original case of *McRae* v. *Boykin* (supra) was brought to this court by a direct bill of exceptions, in which there were certain assignments of error on the admission of evidence in behalf of the defendant, over the objection of the plaintiff, and on the rejection of certain testimony offered by the plaintiff and objected to by the defendant, and on the failure of the judge to write out his charge and read it to the jury, after a timely written

request to do so had been given him by the plaintiff. This court, in rendering its decision, reversed the judgment of the trial court because the judge failed to write out his charge and read it to the jury as requested by the plaintiff, but held that certain rulings of the court as to the admission of the defendant's evidence over objection of the plaintiff and as to the rejection of evidence of the plaintiff on objection of the defendant were not reversible error, as presented by the direct bill of exceptions. *McRae* v. *Boykin,* supra. McRae made application to the Supreme Court for a certiorari to review the rulings of this court that were adverse to him, but his petition was denied. Boykin's application to the Supreme Court for a certiorari to review the rulings that were adverse to him was granted; and the Supreme Court held that the Court of Appeals erred in reversing the judgment of the trial court for the failure of the judge to write out his charge and read it to the jury, because the plaintiff's counsel, after requesting the court so to do, waived the right to have the charge written out and read to the jury. *Boykin* v. *McRae,* 182 *Ga.* 252 (supra). Upon the return of the case by the Supreme Court to this court, counsel for McRae filed in this court a motion to revise the opinion rendered by this court, on the ground that the rulings of this court adverse to him, as contained in divisions 2, 3, and 5 of the opinion in 50 *Ga. App.* (supra), were erroneous. This court entertained and considered the motion, but held that the rulings theretofore made by this court in that case should not be changed or modified, except in accordance with the decision of the Supreme Court on the certiorari, and the motion to revise the opinion was denied. *McRae* v. *Boykin,* 54 *Ga. App.* 158 (187 S. E. 271). McRae made application to the Supreme Court for a certiorari to review the rulings of this court in the case last cited, but his application was denied.

And now, in the present case, the plaintiff in error is again complaining that the rulings made adversely to him by this court in the original case of *McRae* v. *Boykin* were erroneous and should now be corrected and changed.

The plaintiff in error is confronted by the conclusiveness of a judgment. The Code, § 110-501, declares: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or

which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside."

It was ruled by this court in *Weaver* v. *Webb*, 3 *Ga. App.* 726, 727 (60 S. E. 367): "On the general principles of res adjudicata (which applies equally to proceedings by scire facias as to any other action or suit), and on the further ground that this method of reviving a judgment is merely a supplementary step in the original action, the defendant is absolutely precluded from going behind the judgment and offering in defense to the scire facias any matter which existed before the rendition of the original judgment and might have been presented in the former proceeding. In no case and under no circumstances can the merits of the original judgment be inquired into by the defendant on the writ to revive it." See citations therein. In *Wiley* v. *Kelsey*, 9 *Ga.* 117, 120, the court said: "Although the judgment may have been erroneous, yet it is conclusive as to the facts which it purports to decide—it being the act of a court having competent jurisdiction over the subject matter—it can not be contradicted or attacked in the manner proposed in the court below." It was held in *Rodgers* v. *Evans*, 8 *Ga.* 145: "A judgment of a court which has no jurisdiction of a cause is entirely void. But where the court has jurisdiction, both of the case and the parties, and proceeds erroneously, the judgment, notwithstanding the error, is binding until it is vacated or reversed." See *Vickery* v. *Scott*, 20 *Ga.* 795; also, *Cochran* v. *Davis*, 20 *Ga.* 581 (2); *Camp* v. *Baker*, 40 *Ga.* 148; *Fielding* v. *M. Rich & Bros. Co.*, 46 *Ga. App.* 785 (2) (169 S. E. 383); *Capps* v. *Toccoa Falls Light & Power Co.*, 46 *Ga. App.* 268 (167 S. E. 530); *Echols* v. *Roberts*, 22 *Ga. App.* 388 (2) (96 S. E. 7). "The principle which fixes the absolute conclusiveness of a judgment of a court of competent jurisdiction upon the parties and their privies applies whether the reasons upon which it was based were sound or not, and even if no reasons at all were given, and a judgment does not lose its effectiveness as res adjudicata from the mere fact that it is irregular or erroneous. Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment until reversed is regarded as binding in every other court." 15 R. C. L. 957, § 433, and cases therein cited.

This court, in citing and applying the above principles of law, does not concede or intimate that its prior rulings in *McRae* v. *Boykin* are erroneous, as complained of by the plaintiff in error, but does so for the purpose of showing that the former rulings and decisions of this court and of the Supreme Court in *McRae* v. *Boykin* are the law of the case and are binding on both the trial and appellate court. See *Stansall* v. *Columbian National Life Ins. Co.,* 27 *Ga. App.* 537 (109 S. E. 297). It was held by the United States Supreme Court, in Dunbar *v.* City of New York, 251 U. S. 516 (40 Sup. Ct. 250, 64 L. ed. 384), that "Constitutional rights can not be based on error in prior court decisions."

The allegations in the answer of the plaintiff in error, with respect to the statement by the trial judge in the bill of exceptions in *McRae* v. *Boykin* (supra), explaining why he failed to write out his charge and read it to the jury, and the alleged erroneous assumption by the Supreme Court in respect thereto, are, of course, without merit. It requires no citation of authority to support a holding that a statement in a certificate of a judge to a bill of exceptions can not be corrected in the manner sought in this proceeding to revive a dormant judgment.

Where a defendant is served, and appears and pleads in the original suit, he can not in any case or under any circumstances inquire into the merits of the original judgment, on a writ to revive the judgment. It is not error to sustain a demurrer and strike the defendant's answer in such a proceeding. See *Echols* v. *Roberts,* supra.

No issuable facts were raised in the plaintiff in error's answer in the present proceeding, and the court did not err in sustaining the general demurrer to the answer and in rendering a judgment reviving the dormant judgment.

*Judgment affirmed. Felton and Parker, JJ., concur.*