## 46639. JIM WEST HOUSEMOVERS v. COBB COUNTY.

(380 SE2d 251)

SMITH, Justice.

The Clayton County Superior Court granted appellee Cobb County's motion for an injunction to prevent appellant Jim West Housemovers from moving houses through Cobb County. We reverse.

Mr. James West, proprietor of Jim West Housemovers, was initially charged in Cobb County with violating the Cobb County House Moving Regulations by way of a citation styled, "Cobb County vs. James West." After a trial in the Cobb County Magistrate's Court, the Cobb County House Moving Regulations were declared void when the judge ruled that they were "superseded by state regulations."

James West Housemovers continued its normal course of business and on at least two occasions brought houses through Cobb County. Approximately three months after the trial in the Magistrate's Court, Cobb County filed a petition in the Superior Court of Clayton County seeking to permanently enjoin the appellant from moving any house or structure over the roads of Cobb County. The Clayton County Superior Court granted the injunction after it ruled that the Cobb County regulations were not preempted by state regulations.

The appellant asserts, among other things, that the second suit filed by Cobb County seeking the injunction is barred by the doctrine of estoppel by judgment.

Finality is the goal and the essence of the doctrines of res judicata and estoppel by judgment. Both doctrines generally prevent an unsuccessful litigant from attempting to re-litigate issues previously litigated by a court of competent jurisdiction.

The doctrine of res judicata is set out as follows:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

OCGA § 9-12-40.

> "The doctrine of estoppel by judgment differs from the plea of res judicata, in that, while res judicata applies only as between the same parties and upon the same cause of action to matters which were actually in issue or which under the rules of law could have been put in issue, estoppel by judgment applies as between the same parties upon any cause of action to matters which were directly decided in the former suit." [Cit.]

*Roddenberry v. Roddenberry*, 255 Ga. 715, 717 (342 SE2d 464) (1986). Both the doctrines of res judicata and estoppel by judgment fix:

> "[T]he absolute conclusiveness of a judgment of a court of competent jurisdiction upon the parties and their privies. . . . Where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment until reversed is regarded as binding in every other court." [Cit.]

*McRae v. Boykin*, 73 Ga. App. 67, 72 (35 SE2d 548) (1945).

The Magistrate's Court has jurisdiction over charges related to violations of county ordinances. OCGA § 15-10-2 (4). An appeal from a judgment of the Magistrate's Court may be made to the county's state or superior courts. OCGA § 15-10-41 (b) (1). The Magistrate's ruling in this case was never appealed. The enforceability of the regulation was the issue directly decided in the Magistrate's Court, and that decision is conclusive and binding on the parties in every other court.

Cobb County asserts that the Magistrate's ruling is not binding because the parties are not the same. However, the citation that James West was issued in Cobb County was styled "Cobb County vs. James West," and the petition seeking an injunction in Clayton County was styled "Cobb County, Plaintiff v. Jim West Housemovers, Defendant."

Cobb County regulations provide for criminal as well as civil sanctions. Cobb County initially attempted to enforce the regulations with a criminal action prosecuted in the Cobb County Magistrate's Court and subsequently attempted to enforce them with a civil action brought in the Clayton County Superior Court. In the second action, Cobb County relied upon the same regulations that the Magistrate's Court had already declared "superseded" by state law and argued that the regulations were not superseded by state law. A court of competent jurisdiction had already declared the regulations superseded by state law, and therefore void, prior to the time of the subsequent civil action. In other words, the second action was an attempt to question the validity of the Magistrate's ruling without going through the proper appeals process. Because a court of competent jurisdiction ruled that the Cobb County regulations had been "superseded" by state law, Cobb County "will not be heard to question its validity. . . ." *Robbins v. Riales*, 221 Ga. 225, 227 (144 SE2d 80) (1965).

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents, and Weltner, J., not participating.*

ON MOTION FOR RECONSIDERATION.

The motion to consider an out-of-time motion for reconsideration is granted.

*Motion granted. All the Justices concur, except Hunt, J., not participating.*

The motion for reconsideration is denied.

*Motion denied. All the Justices concur, except Marshall, C. J., who dissents, and Hunt, J., not participating.*

DECIDED JUNE 8, 1989 —
RECONSIDERATION DENIED JULY 7, 1989.

*Jones, Brown & Brennan, Taylor W. Jones, Rickman P. Brown,* for appellant.

*Haynie, Webb & Litchfield, Bruce D. Hornbuckle, Kris K. Skaar,* for appellee.