## 46788. PITTS v. ATTAWAY.

(384 SE2d 629)

WELTNER, Justice.

Attaway bequeathed rental property to his widow for life, with remainder to his children. The widow elected to take under the will in lieu of a year's support. The executor, Pitts, sold the rental property to pay debts of the estate. The widow filed suit in Paulding County Superior Court, alleging fraud and waste. Before the court ruled, she filed a petition in Cobb County Probate Court for an accounting and for removal of Pitts as executor.

The superior court entered an order specifically finding that the sale was valid. Subsequently, the probate court removed the executor pursuant to OCGA § 53-7-148 and ordered an accounting. The execu-

tor appeals this order.

Pitts contends that the superior court's ruling concerning the sale was a full adjudication of that issue, and that the probate court abused its discretion in failing to consider itself bound by the doctrine of *res judicata.*

1. Based upon the contents of the will,[1] the superior court held:

> . . . pursuant to the provisions of Items XX, XXII, XXIII of said Will, said executor was granted the power and authority to execute a Deed or Deeds to any part or all of the real property owned by the estate of the said Myron Allen Attaway, and that such power of sale is superior to the life estate in certain real property devised to Mattie L. Attaway in Item VI of said Will.

The court also found that Pitts executed a warranty deed for which the purchaser paid fair market value; that there was no evidence of any fraud between Pitts and the seller; and that it was Pitts' intention to convey fee simple title to the real property described in the deed.

2. The probate court held:

> OCGA § 53-7-148 provides discretionary authority for the court to remove an executor upon mismanagement or default. By the sale of the property, it is found that Mr. Pitts failed to carry out the intent of the testator, which was to provide income-producing property for his widow for life.

---

[1] Item XX:
I have confidence in the investments which will be found in my estate at the time of my death, and I direct that no change need be made by my Executor in these investments solely for the purpose of creating a diversity of divestment, but my Executor shall be authorized to sell or otherwise dispose of such investments, if and to the extent, my Executor deems to be in the best interest of my estate, without being constrained to do so.
Item XXII:
A. In the management, care, and disposition of my estate, I confer upon the Executor and the Successor Executor of this Will, the power to do all things and execute such instruments as may be deemed necessary or proper, including the following powers, all of which may be exercised without order or report to any court: (a) To sell, exchange or otherwise dispose of any property at any time held or acquired under this Will . . . .
Item VI:
I give, devise and bequeath to my wife . . . the mobile home lots in Paulding County . . . during her lifetime, or until she remarries, whichever event shall first occur. In the event of her remarriage or death, then and in that event, I give, devise and bequeath said mobile home lots to my four (4) children . . . in fee simple, share and share alike, per stirpes.

The probate court also found that the executor found insufficient liquid assets to pay the debts of the estate and conveyed the widow's income-producing property without any notice to her; and that consequently the widow failed to receive the rental income from the property.

3. "Both the doctrines of res judicata and estoppel by judgment fix 'the absolute conclusiveness of a judgment of a court of competent jurisdiction upon the parties and their privies.'" *Jim West Housemovers v. Cobb County*, 259 Ga. 314, 315 (380 SE2d 251) (1989).

> "The doctrine of estoppel by judgment differs from the plea of res judicata, in that, while res judicata applies only as between the same parties and upon the same cause of action to matters which were actually in issue or which under the rules of law could have been put in issue, estoppel by judgment applies as between the same parties upon any cause of action to matters which were directly decided in the former suit." [Cit.]

*Roddenberry v. Roddenberry*, 255 Ga. 715, 717 (342 SE2d 464) (1986).

4. The superior court already had determined that Pitts acted within his authority in the sale of the property, that his power of sale was superior to the widow's life estate, and that there was no fraud. While it is true that the probate court has broad discretionary powers under OCGA § 53-7-148 and that the superior court has no power to remove an executor, the removal of the executor *in this case* was based upon a determination by the probate court that "[b]y the sale of the property . . . Mr. Pitts failed to carry out the intent of the testator, which was to provide income-producing property for his widow for life."

Accordingly, the issue upon which the probate court removed Pitts already had been decided in Pitts' favor by the superior court.

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents, and Hunt, J., not participating.*

Decided July 13, 1989 —
Reconsideration denied October 5, 1989.

*Anthony Kirkland,* for appellant.
*Threlkeld & Threlkeld, Larry W. Threlkeld,* for appellee.