Robert N. Powell, *pro se.*

A91A1883. GRAY v. McKENNA.
(415 SE2d 295)
McMurray, Presiding Judge.

This is an action for removal of an executor. Appellant James H. Gray, Jr., petitioned the probate court to remove appellee Terry P. McKenna as executor of the estate of James H. Gray. This appeal is taken from the grant of appellee's motion for judgment on the pleadings. *Held*:

" '(T)he granting of a motion for judgment on the pleadings under (OCGA § 9-11-12 (c)) is proper only where there is a complete failure to state a cause of action or defense. "For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." (Cits.)' [Cit.] . . . '(A) judgment on the pleadings cannot be granted unless the pleadings affirmatively show that no claim in fact exists. (Cit.) . . .' [Cit.]" *Bacon v. Liberty Mut. Ins. Co.*, 198 Ga. App. 436 (401 SE2d 625). We also note that where, as in the case sub judice, the party moving for judgment on the pleadings does not present evidence in support of the motion, the motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *Seaboard Coast Line R. Co. v. Dockery*, 135 Ga. App. 540, 543 (218 SE2d 263).

The petition in the case sub judice alleges in part that: Appellee is the sole executor under the will of the testator, James H. Gray. Appellant is one of three children of the testator (appellant's two siblings are intervenors opposing appellant's petition), and a beneficiary under the will which provides that, after the payment of certain special bequests, the rest and residue of the estate be placed in trust for the benefit of the testator's widow and children. In a previous action in the superior court, the widow has surrendered her rights in the estate, including those provided under the will in exchange for certain compensation from the estate. In that action, the superior court ruled that the trust under the will had terminated and that the children were then entitled to have the remaining assets of the estate distributed to them after payment of any obligations of the estate. Nonetheless, appellee has made no distribution to appellant in the almost five years that appellee has controlled the estate. The primary asset of the estate is stock in a holding company, Gray Communications Systems, Inc. ("Gray Communications"), founded by the testator, which has subsidiaries involved in the television, newspaper, real estate, and

transportation industries. At the time of his death, the testator owned approximately 52 percent of the outstanding stock of Gray Communications with the remainder in the hands of the public except for small amounts owned by individual members of the Gray family.

The petition also alleges that: Appellee has improperly used his control over the estate shares in Gray Communications to elect himself as the Chairman of the Board of Directors and Chief Executive Officer of Gray Communications for the purpose of enabling appellee to seize control of Gray Communications for his own personal benefit and not in furtherance of the interest of the estate or beneficiaries. Appellee, an attorney, lacked any experience in managing a large media conglomerate prior to his appointment to these positions.

This case is not the first action arising in connection with the estate of James H. Gray. Attached to the petition and incorporated by reference in appellant's petition, along with the will of James H. Gray, are documents arising from these earlier cases, and the complaint in an equitable proceeding filed in the superior court simultaneously with the petition in the case sub judice. A judgment incorporated in the petition resolved certain claims by the testator's widow against the estate and determined that a testamentary trust created in the will had terminated. Another judgment construed the testator's will and gave direction to the executor. Also, attached is a settlement agreement and release which anticipate and provide for several matters including the terms for an attempt by appellant to purchase the estate's shares in Gray Communications, distribution of the estate's assets, and the settlement of certain litigation. Appellant's petition alleges that appellee breached the settlement agreement in furtherance of a scheme for increasing his personal enrichment and in violation of his fiduciary duty.

The probate court has broad discretionary powers under OCGA § 53-7-148, including the authority to remove an executor upon a showing of waste, mismanagement, or that for any reason he is unfit for the trust reposed in him. Citing *Pitts v. Attaway*, 259 Ga. 455 (384 SE2d 629), appellee contends that in the case sub judice the discretion of the probate court is limited by the doctrines of res judicata, estoppel by judgment, release, and accord and satisfaction since the same facts upon which removal of the executor is sought have already been adjudicated or settled between the parties as shown by the documents incorporated into appellant's petition.

This contention does not reach appellant's allegations that appellee has breached the settlement agreement between the parties. The probate court concluded that any breach of the settlement agreement is a matter within the jurisdiction of the superior court which under its judgment in a prior action between the parties had retained jurisdiction for the purpose of insuring compliance with the settlement

agreement. Appellee contends that under the reasoning in *Pitts v. Attaway*, 259 Ga. 455, supra, all matters concerning the settlement agreement should be decided in the superior court and not in the probate court. This is not correct. Appellant is not seeking enforcement of the settlement agreement in this action. The question of whether appellee has breached that agreement has not been previously determined and is relevant in the case sub judice as appellee relies upon it and the related release in opposing appellant's petition.

While the probate court may be bound by previous factual determinations of other courts under the doctrine of estoppel by judgment as applied in *Pitts v. Attaway*, 259 Ga. 455, supra, we are not aware of any principle which would preclude the probate court addressing the unresolved factual issues submitted by appellant's petition. In this connection, we note that the superior court has no power to grant the relief sought by appellant. *Pitts v. Attaway*, 259 Ga. 455, 457 (4), supra. As only the probate court has jurisdiction to consider a petition for removal of an executor, it is necessary for the probate court to address any material unresolved factual issues submitted by appellant's petition, including the question of whether the appellee has breached the settlement agreement.

Consequently, we must take as true, for purposes of this appeal from the grant of judgment on the pleadings, appellant's allegation that appellee breached the settlement agreement. Since the settlement agreement provided consideration for the release, we must view the release as lacking efficacy. *Adair v. Park*, 97 Ga. App. 719, 722 (104 SE2d 473). In the absence of the waivers and concessions in these documents, there can be no doubt that appellant's petition states a cause of action for the removal of appellee as executor on theories of conflict of interest and waste of assets. Nor is there an affirmative showing of the absence of a claim upon which relief may be granted. Since appellant's petition states a viable claim, the judgment in favor of appellee must be reversed.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JANUARY 24, 1992 —
RECONSIDERATION DENIED FEBRUARY 5, 1992.

*Del Percilla, Jr., Powell, Goldstein, Frazer & Murphy, Robert M. Travis, William V. Custer IV, James A. Walker, Jr.*, for appellant.

*Heyman & Sizemore, William H. Major, Langstaff & Plowden, Robert B. Langstaff*, for appellee.