A96A1488. NORRIS v. ROBERTSON et al.
(476 SE2d 860)

ANDREWS, Judge.

Jack Norris appeals the trial court's order in a declaratory judgment action granting Vincent and Rachel Robertson's motion for judgment on the pleadings and Rachel Robertson's motion to dismiss her as a party to the suit. We affirm the dismissal of Rachel Robertson and reverse the granting of judgment on the pleadings to Vincent Robertson.

The underlying dispute in this case involves the estates of Willie Robert Norris and Joseph D. Norris, his son. Willie Norris died in 1974 and left a house and 57 acres of land to his wife, Carrie Lou Norris, for her lifetime, with the remainder interest to his children, Joseph Norris, Willard Norris, Betty Jo Putnam, Omega Jones, Jack Norris and Rachel Robertson.

Joseph Norris died in 1985, nine years before his mother Carrie Lou. The beneficiaries under Joseph's will were his siblings, Omega Jones, Rachel Robertson, Jack Norris, Betty Jo Putnam, Willard Norris, and his mother, Carrie Lou Norris. Joseph appointed Vincent Robertson, his sister Rachel's husband, as his executor.

Subsequently, Jack Norris filed suit against Vincent Robertson asking that Robertson be removed as executor due to his failure to timely sell or divide a tract of land in Joseph's estate. A settlement agreement in the case was reached in February 1986. Under this agreement, Jack Norris, Omega Jones, Betty Jo Putnam and Willard Norris each received over $100,000 in return for signing a release of any and all claims to any property or assets of Joseph Norris's estate. The release signed by Jack Norris provided, in pertinent part:

"The undersigned . . . hereby releases and discharges Vincent Robertson, individually and in his representative capacity as Executor of the Last Will and Testament of Joseph D. Norris, and his successors in office, and the Estate of Joseph D. Norris, from any and all

claims or rights to any property or assets, real or personal, of the Estate of Joseph D. Norris.

"The undersigned acknowledges that the above stated sum represents an advancement of the full distributive share of the Estate of Joseph D. Norris due to the undersigned pursuant to the terms of a Settlement Agreement entered into on December 13, 1985, and pursuant to the terms of a Probate Court Order dated February 4, 1986.

"The undersigned further acknowledges that he has no further claim or interest in or to any of the assets, present or future, of the Estate of Joseph D. Norris."

On November 5, 1994, Carrie Lou Norris died. Joseph Norris's estate was re-opened in order to distribute his share of the remainder interest in the house and 57 acres. Vincent Robertson, as executor, stated that the four beneficiaries who signed the releases were not entitled to inherit any of Joseph Norris's share of the remainder interest. The effect of this determination was that Joseph Norris's remainder interest would go to Rachel Robertson, as the only remaining beneficiary.

Jack Norris then filed this declaratory judgment action seeking to have the release rescinded, claiming the settlement agreement was reached without any mention or contemplation that property from Willie Norris's estate would pass through Joseph Norris's estate. The trial court granted the Robertsons' motion for judgment on the pleadings, finding the clear language of the release precluded Norris from claiming mistake of law, mistake of fact, or misrepresentation by Robertson. The court stated the language was clear and unambiguous, and therefore, parol evidence would be inadmissible to vary the terms of the release.

1. " 'After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. (OCGA § 9-11-12 (c).) For the purposes of the motion, all well-pleaded material allegations of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Conclusions of law are not admitted. Judgment on the pleadings may be granted only if, on the facts so admitted, the moving party is clearly entitled to judgment.' " (Citation omitted.) *Abacus, Inc. v. Hebron Baptist Church*, 201 Ga. App. 376 (411 SE2d 113) (1991).

While the language of the release may well be clear and unambiguous, this does not preclude claims of mistake of law, mistake of fact, breach of fiduciary duty or fraud. Although parol evidence ordinarily is inadmissible to vary an unambiguous written contract, this is not true when there are allegations of fraud, accident or mistake. See, e.g., *Roberson v. Henderson Chemical Co.*, 171 Ga. App. 722, 724 (320 SE2d 835) (1984) (in the absence of fraud, accident or mistake,

parol evidence is inadmissible to vary the terms of the written release). "Parol evidence, however, is admissible to demonstrate that both parties to a release were honestly mistaken as to the legal effect of the instrument, and may establish a question of fact over the scope of the release which is most appropriate for jury resolution." (Citation omitted.) Id.

Here, Norris alleges mistake of law in that he believed the release would apply only to those assets of the estate as they were presented at the time of the settlement agreement. The complaint also alleges mistake of fact, claiming that neither party was aware of the remainder interest at the time the release was signed. Norris submitted a copy of the transcript from the hearing at which the settlement agreement was presented to the court. Robertson's attorney and the court both stated that *all* of the assets of the estate would be included. Accordingly, there are questions raised as to the intent of the parties in entering into the agreement. See *Fox v. Washburn*, 264 Ga. 617, 618 (449 SE2d 513) (1994) (jury issue as to whether agreement can be reformed due to mutual mistake even though one party does not admit to mistake).

The complaint also alleges facts sufficient to support a claim of constructive fraud. Given the confidential relationship of the parties, see *Ringer v. Lockhart*, 240 Ga. 82, 84 (239 SE2d 349) (1977), Robertson's failure to disclose Joseph Norris's estate's interest in the Willie Norris estate, even if it was done innocently and mistakenly, is sufficient to raise this claim. See *First Union Nat. Bank &c. v. Davies-Elliott, Inc.*, 207 Ga. App. 791, 793 (429 SE2d 161) (1993); *Graham v. Hogan*, 185 Ga. App. 842, 844-845 (366 SE2d 219) (1988).

Accordingly, taking all these material allegations as true, Norris's complaint states a viable claim, and we cannot say that defendants were clearly entitled to judgment. *Gray v. McKenna*, 202 Ga. App. 685, 687 (415 SE2d 295) (1992); *Abacus, Inc.*, supra. The trial court erred in granting the Robertsons' motion for judgment on the pleadings.

2. The trial court correctly granted Rachel Robertson's motion to dismiss. Norris's brief on appeal argues the motion to dismiss should not have been granted because Rachel conspired with her husband to deprive the other heirs of their claim on the estate. But, a review of the complaint and the two amended complaints shows no such claim. Accordingly, we find the complaint fails to state a claim against Rachel Robertson and does not meet the notice pleadings requirement of the Civil Practice Act. See generally *ALW Mktg. Corp. v. Hill*, 205 Ga. App. 194, 198 (422 SE2d 9) (1992).

*Judgment affirmed in part and reversed in part. Pope, P. J., and Smith, J., concur.*

DECIDED OCTOBER 9, 1996.

*Congdon & Williams, W. Barry Williams*, for appellant.

*Fleming, Blanchard, Jackson & Durham, James G. Blanchard, Jr., Vincent M. Davison, Jr.*, for appellees.